No. 10,150.

## SUMMERS v. GREATHOUSE.

PRACTICE.—*Trial.*—Where the court and parties treat a case as an ordinary one for trial by jury, and enter upon the trial of it as such, the usual rules governing jury trials must be followed.

SAME.—*Interrogatories to Jury.*—The court has no right to withdraw from the jury pertinent and material interrogatories which have been submitted to them at the request of the parties.

SAME.—*Answers to Interrogatories.*—It is the duty of the trial court to require the jury to fully answer the interrogatories submitted to them.

From the Spencer Circuit Court.

*G. L. Reinhard* and —— *Thomas,* for appellant.

*C. L. Wedding, E. M. Swan, C. A. DeBruler* and *E. R. Hatfield,* for appellee.

ELLIOTT, J.—The appellant asked the court to submit interrogatories to the jury called to try the cause; the request was granted, and twenty-five interrogatories were submitted. After the jury had been deliberating for some time the court withdrew the interrogatories and directed the jury to return a general verdict.

The statute, in express terms, confers upon parties the right to submit special interrogatories, and this court has again and again decided that it is error to refuse to compel answers to relevant and proper questions. It is certainly error to withdraw proper interrogatories after they have once been duly submitted, in ordinary cases, and, unless there is something in the particular case before us taking it out of the general rule, the action of the trial court must be deemed erroneous.

It is contended that this case is not within the general rule, because it is one of exclusive equitable jurisdiction and triable by the court, and that the court had authority, under the code of 1881, to submit the cause to a jury, with directions to find upon particular questions of fact for the information of the court. R. S. 1881, sec. 409. The trial court did not, however, proceed under this provision of the code, but treated the

case as an ordinary action at law for trial by a jury, and not as a suit in equity for the consideration of the court. It is true that the court did, upon the request of the appellee, submit three general interrogatories, embracing parts of the controversy, but no directions were given the jury as to finding upon particular questions of fact, and a general verdict was received and acted upon. There is, in short, nothing in the record to show that the case was not treated as an ordinary one for trial by jury, and, as it was so viewed by court and counsel, the trial should have been conducted in accordance with the rules governing trials in ordinary actions at law. Where the parties and the court enter upon a trial by jury, the case must proceed according to the general rules of law applicable to such cases, unless the case is one which the court sends to the jury for a finding upon particular questions of fact for the information of the court, as provided by the statute to which we have made reference.

It must be held that, where the court undertakes to try a cause by jury, as an ordinary action at law, it must proceed according to the law governing jury trials, or confusion, perplexity and uncertainty will result. Unless these rules be held to govern, we shall have cases tried without rules or method, or else tried by arbitrary rules devised by the judge who presides in the particular case. We do not mean to say that under the provisions of the code referred to courts may not either try questions of fact for themselves or send the cause to a jury for the decision of particular questions, but we do say that where the court and parties treat the case as an ordinary action at law, and enter upon the trial of it as such, and all the proceedings until the jury have retired for consultation are conducted as in ordinary actions, the rules applicable to such actions must be substantially followed.

It is also contended by the appellee that, as it appears from the report of the jury that they were unable to answer the interrogatories, the court was justified in withdrawing them. The record history of the action of the court is as follows: "After

the jury had retired, and after remaining out about an hour, they sent to the court a written report that they thought they might agree upon a general verdict, but were unable to answer the interrogatories without further data or particulars; whereupon the court asked counsel if they would allow the jury to take the papers and bill of particulars in the case, to which the plaintiff objected, but the defendant consented; thereupon the court directed the bailiff to bring the jury into court, and withdrew from them all of the plaintiff's interrogatories, and, on motion of the defendant, propounded three interrogatories and directed the jury to answer them in case they returned a general verdict for either party." The trial court erred in withdrawing the interrogatories from the jury. The jury were bound to answer all such interrogatories as the evidence enabled them to do, and to state, in response to such as they were unable to answer from the evidence their inability to answer them. Where there is evidence supplying information sufficient to enable the jury to answer interrogatories, it is the duty of the court to require answers, and not to permit the jury to evade answering. The practice of allowing juries to make a general report that they can not answer a series of interrogatories is one that can not be sustained upon principle or authority.

If the appellant's counsel were wrong in objecting to the proposition of the court to send the papers to the jury, the proper course was, not to withdraw the interrogatories, but to overrule the objection and place the jury in possession of the papers. The fact that the counsel interposed a groundless objection supplies no reason for a wrong ruling by the court. If, however, the papers were such as the party had a right to have kept from the jury the case is still plainer; for one is not to be denied a right because he refuses to yield some other right. We can not say what " papers " the court desired the parties to agree to send to the jury. If they were documents of evidence, it would have been error to grant the request. *Nichols* v. *State, ex rel.,* 65 Ind. 512; *Lotz* v. *Briggs,*

50 Ind. 346.   If they were the pleadings in the case, it would not have been error to place them in the hands of the jury. *Snyder* v. *Braden,* 58 Ind. 143.

Judgment reversed.