Shulse v. McWilliams.

Filed Jan. 7, 1886.

———— ◆ ————

No. 11,792.

SHULSE v. McWILLIAMS.

SLANDER.—*Open and Close.—Argumentative Denial Pro Tanto.*—The plaintiff in an action for slander, in which only an argumentative denial *pro tanto* of the complaint has been filed, is entitled to open and close the case to the jury.

PRACTICE.—*Jury may Take Pleadings to Jury-Room.*—It is not error to permit the jury to take with them to the jury-room the pleadings in the cause.

SAME.—*Bill of Exceptions.—Filing.*—A bill of exceptions, in order that

it can be considered part of the record, must have been filed as required by section 629, R. S. 1881.

From the Hamilton Circuit Court.

*C. S. Wesner, F. M. Charlton, T. W. Lockhart, T. J. Kane* and *T. P. Davis,* for appellant.

*T. H. Palmer,* for appellee.

HOWK, J.—In this case the appellee sued the appellant in the Boone Circuit Court to recover damages for slander. As originally filed, appellee's complaint contained four paragraphs, but, before the trial of the cause, she dismissed her suit as to the second and third paragraphs of her complaint. Issues were joined upon the first and fourth paragraphs of complaint, and, the venue of the cause having been changed to the court below, were there tried by a jury, and a verdict was returned for the appellee, assessing her damages in the sum of $400. Over appellant's motion for a new trial, the court rendered judgment against him on the verdict, in appellee's favor, for the damages assessed and costs.

In this court, the first ruling below complained of as erroneous, by appellant's counsel in argument, is the overruling of appellant's motion for leave to open and close the trial of the cause to the jury. On this point, the rule of practice under section 536, R. S. 1881, of our civil code, is, that the party having the burden of the issue, on the trial, shall have the opening and closing of the case to the jury. *Kinney* v. *Dodge,* 101 Ind. 573. In the first and fourth paragraphs of her complaint, the appellee alleged that the appellant had " falsely, maliciously and slanderously " spoken to certain named persons, of and concerning appellee, certain " false, malicious and slanderous words," setting them out, imputing to her a want of virtue and chastity. To these paragraphs the appellant answered in a single paragraph, covering six pages of closely-written legal-cap paper, which it is difficult to characterize. It was prepared, apparently, for the purpose

of enabling the appellant to obtain the opening and closing of the case to the jury; but it failed, and properly so, we think, to enable him to accomplish such purpose. After admitting that he had spoken substantially the same words, stated in the complaint, setting them out and giving at great length his version of the circumstances under which the words were spoken, his answer proceeds as follows: "The defendant avers that all statements made by him, alleged in the complaint of the plaintiff, were of and concerning such plaintiff, but without malice."

It will be readily seen that this answer does not confess and avoid the cause of action stated in appellee's complaint. On the contrary, it affirms facts which are utterly inconsistent with the truth of facts entering into and constituting a material element in appellee's cause of action. Such an answer is what is generally called an argumentative denial *pro tanto* of the complaint, and the burden of the issue formed by such denial is of course on the plaintiff and gives her the right to open and close. *Rothrock* v. *Perkinson*, 61 Ind. 39; *Kinney* v. *Dodge*, *supra*. There was no error, therefore, in the court's refusal to allow appellant to open and close the case to the jury.

Appellant's counsel next insist, that the trial court erred in permitting the jury to take with them, in their retirement to consider of their verdict, the pleadings in the cause. There was no error in this action of the court. *Snyder* v. *Braden*, 58 Ind. 143; *Summers* v. *Greathouse*, 87 Ind. 205. In each of the cases cited it is squarely decided that there is no error in placing the pleadings in the cause in the hands of the jury; and the appellant's objection and exception to the action of the court are limited to the pleadings in the cause.

The next error, of which appellant's counsel complain in argument, is the giving of certain instructions to the jury trying the cause. Appellee's counsel earnestly insists, that the instructions complained of are not properly in the record and, therefore, can not be considered. This point seems to

be well taken. The appellant attempted to make all the instructions given by the court, and those requested by him and refused, a part of the record of this cause, by having the same embodied in a bill of exceptions. What purports to be such a bill of exceptions has been copied by the clerk of the court below into the transcript before us ; but there is nothing in the transcript to show that such bill was or had ever become a part of the record of this cause. In section 629, R. S. 1881, of our civil code, it is provided that such a bill of exceptions must be filed in the cause ; and " When so filed, it shall be a part of the record." In the transcript of this cause there is no memorandum, recital or file-mark to indidicate when such bill of exceptions was filed, or, indeed, that it ever has been filed in this cause. What purports to be such bill is not a part of the record of this cause, and therefore the instructions, as well those given as those asked for and refused, are not in the record and can not be considered. This is settled by the decisions of this court. *Loy* v. *Loy*, 90 Ind. 404 ; *Louisville, etc., R. W. Co.* v. *Harrigan*, 94 Ind. 245 ; *Pratt* v. *Allen*, 95 Ind. 404.

We can not disturb the verdict of the jury on the evidence. It fairly tends to sustain the verdict on every material point. In such case, where the verdict has met the approval of the trial court, we must decline, as we always have declined, to reverse the judgment on the evidence.

We find no error in the record.

The judgment is affirmed with costs.

Filed Nov. 7, 1885 ; petition for a rehearing overruled Jan. 9, 1886.