Filed Nov. 7, 1893.

———————◆———————

No. 1,015.

SMITH *v*. THURSTON.

PLEADING.—*Complaint, Sufficiency of.—Promissory Note.—Delivery.—
Title.*—In an action on a promissory note, the complaint is suffi-
cient as showing delivery to, and title in, plaintiff, where the com-
plaint, when taken in connection with the note, shows that the note
was executed to plaintiff, for a valuable consideration; that plain-
tiff transferred the same, by indorsement, to V., and that V., by
like means, transferred it back to plaintiff.

JURY.—*Misconduct of.—Taking Note in Suit to Jury Room.—Plea of Non
Est Factum.—Signature.—Harmless Error.—Practice.*—When an ac-
tion is brought on a promissory note, and a plea of *non est factum*
is entered, and the jury are allowed, over defendant's objection, to
take the note sued on to their room, but the record fails to show
that they also took to their room the plea mentioned, to which de-
fendant's signature was attached, and fails to show any comparison
of the signature, there is no available error.

From the Tipton Circuit Court.

*J. I. Parker*, for appellant.

*J. N. Waugh* and *J. P. Kemp*, for appellee.

REINHARD, J.—The overruling of appellant's demurrer
to the amended first paragraph of the appellee's com-

plaint is the first error complained of.   It is insisted, in argument, that the complaint does·not sufficiently aver that the note declared upon was executed and delivered by the appellant to the appellee, or that appellee has any title to the same.   The note which was filed as an exhibit shows, on its face, that it was executed by Smith to Thurston, and contains a promise to pay the latter fifty dollars.   The averments of the complaint, when taken in connection with the note itself, abundantly show, that the note was given the appellee by the appellant for a debt of fifty dollars for a plow purchased of appellee by the appellant; that the note was transferred by the appellee, by indorsement, to one William W. Vaughan, who, by like means, transferred it back to the appellee, and that it was wholly due and unpaid.   The complaint is sufficient  to withstand the objections urged against it, and there was no error in overruling the demurrer.

The remaining error assigned involves the correctness of a ruling of the court upon the trial in allowing the jury to take to their room, over appellant's objection, the note sued upon, which was attached to the complaint as an exhibit.   It is conceded, by appellant's counsel, that under the decisions of our Supreme Court such ruling would not ordinarily be reversible error.   *Shulse* v. *McWilliams*, 104 Ind. 512; *Summers* v. *Greathouse*, 87 Ind. 205; *Snyder* v. *Braden*, 58 Ind. 143.

But it is contended that the case at bar differs from those in which the act of permitting the jury to take such papers to their room was declared within the discretion of the court, for the reason that in the case at bar a plea of *non est factum* had been filed, and the genuineness of the appellant's signature put in issue, which was not the case in the decisions referred to.   It is claimed, by appellant's counsel, that the appellant was prejudiced in his

rights, in that the jury were thus permitted not only to take the note and the attached signature to their room for examination, but also to institute a comparison between such signature and that appended to the plea of *non est factum*.

We have diligently searched the record but have not been able to find that the jury also took to their room the paper containing the plea just named, or that they made, or were permitted to make, in their room, any such comparison as the one complained of. Nothing is disclosed that makes it appear that the appellant was in any way injured by any such act as he complains about. We need not decide, therefore, whether the filing of a plea of *non est factum* makes the case at bar an exception to the rule by which the court may permit the jury to take to their room a note or other instrument attached to the complaint.

We find no available error.

Judgment affirmed.

Filed Nov. 21, 1893.