BOWER ET AL. *v.* BOWER ET AL.

[No. 17,926.   Filed December 15, 1896.]

| | |
|---|---|
| 146 | 393 |
| 147 | 174 |
| 146 | 393 |
| 150 | 161 |
| 152 | 674 |

TRIAL.—*Venire de Novo.—Special Verdict.*—A special verdict is not subject to a motion for a *venire de novo* when it finds facts sufficient to enable the court to pronounce judgment thereon, although the jury fails to find upon all the issues.

SAME.—*Special Verdict.— Statute Construed.*— Under section 555, Burns' R. S. 1894 (546 R. S. 1881), providing for a special verdict, as amended by the Act of March 11, 1895 (Acts of 1895, p. 248), when there is a demand for such a verdict upon "all the issues of the cause," a general verdict is not contemplated, but leaves the court to pronounce its judgment upon the special verdict.

SAME. —*Instructions.*—Where the court of its own motion gave instructions numbered 1 to 6, and at the request of plaintiff another set of instructions numbered 1 to 10, an assignment of errors that "the court erred in giving instructions numbered 1 to 6 inclusive," refers to those given on court's own motion.

SAME.—Under section 555, Burns' R. S. 1894, as amended by Act of March 11, 1895, the absence of the usual concluding formula, to-wit: "If, upon the facts found, the law is with the plaintiff, then we find for the plaintiff; if the law is with the defendant, then we find for the defendant," will not vitiate a special verdict.

From the Clark Circuit Court. *Affirmed.*

*M. Z. Stannard, H. E. Jewett* and *C. L. Jewett,* for appellants.

*J. K. Marsh* and *W. H. Watson,* for appellees.

JORDAN, C. J.—This was an action by the appellees to contest the validity of the will of Andrew Bower,

executed on September 5, 1887. The testator died in Clark county, Indiana, July 18, 1892, leaving the respective parties to this proceeding as his heirs at law. The grounds of the contest are:

1st.   That the testator, at the time of the execution of the will, was of unsound mind.

2d.   That it was unduly executed.

3d.   That it was procured to be executed through fraud of the defendants.

Upon a special verdict of the jury, the court rendered its judgment in favor of the appellees, adjudging the will to be null and void.

This is the second appeal by the appellants to this court. *Bower* v. *Bower*, 142 Ind. 194. The principal errors assigned and urged to secure a reversal of the judgment are: 1st. Overruling appellants' motion for a *venire de novo*. 2d. Sustaining appellees' motion for judgment on the verdict of the jury. 3d. Overruling motion for a new trial.

The special verdict was framed under section 546, R. S. 1881 (555, Burns' R. S. 1894), as amended by an act approved March 11, 1895 (Acts 1895, p. 248), and consisted of a number of interrogatories submitted to and answered by the jury. An examination of the verdict discloses that the jury responded to and found upon the issues involved in the action.

Under the rule which now prevails in this jurisdiction, a special verdict is not subject to a motion for a *venire de novo* when it finds facts sufficient to enable the court to pronounce judgment thereon, although the jury fails to find upon all the issues. *Board, etc.,* v. *Pearson*, 120 Ind. 426, 16 Am. St. 325, and cases there cited.

Three hundred and ninety-five interrogatories were answered by the jury, many of these were wholly unnecessary, and could be of no useful purpose, and only

served to perplex and consume the time of the jury. It is insisted by counsel for appellant that, in addition to the answers of the jury to these interrogatories, that there should have been a general verdict, finding in favor of the plaintiffs, in order to authorize the court to render judgment in their favor; and for this reason it is also contended that a *venire de novo* should have been awarded. The special verdict in this case, at the request of appellants, was directed by the court to be returned upon all of the issues in the cause. In answer to appellant's contention, we think that it was the evident purpose of the legislature, by the amendment, to change the practice as it formerly existed, under the section amended, of permitting the court to submit to the jury two special verdicts drafted by the respective parties, in a narrative form, leaving the jurors to accept and return the one which they considered the evidence sustained; and in the future to require that a special verdict shall be framed by means of interrogatories, each of which is to be answered by the jury, under the evidence, and each to be so framed as to require the finding thereon, to embrace but a single fact. The statute, as amended, directs that counsel on either side shall prepare such special verdict, meaning and intending that counsel on each side shall prepare such a number of interrogatories as may be necessary to cover all of the facts material to the issues in the action, all of which interrogatories are to be submitted to the court, subject to its change, modification and final approval. When so approved the court should cause them to be numbered, not in separate sets, but as an entirety, from one to the close, and submit them to the jury, with the instruction that each be answered and all returned as a special verdict in the cause.

When the demand is for such a verdict upon "all of

the issues of the cause," then it must be so framed as to embrace and cover all facts material to the issues involved, and in this event the statute, as amended, does not contemplate a general verdict, but leaves the court to pronounce its judgment upon the special verdict, as was the former practice. In the event, however, the demand is not for a special finding upon all of the issues, but for a special finding by the jury upon a part only of the material facts, then, in addition to this, the jury must be instructed by the court to return a general verdict, and in such a case, they are only required to answer the interrogatories submitted to them, in the event a general verdict is returned. Under this latter practice, the special finding of facts still controls the general verdict, as provided by section 556, Burns' R. S. 1894 (547, R. S. 1881). In other words, when the request is not for a special finding upon all of the issues, but only upon some particular question of fact germane to the issues, we are of the opinion that the legislature, by the amendment, did not intend to change the law in this respect, but has left it substantially as it was prior to the passage of the amendatory act.

It is further urged that, in case the verdict in dispute can be considered as a special one, that it is nevertheless insufficient, for the further reason that it does not conclude with the usual formula, to-wit: "If, upon the facts found, the law is with the plaintiff, then we find for plaintiff, if the law is with the defendant, then we find for the defendant." While it is the proper practice for a special verdict to contain a formal conclusion substantially as the one insisted upon by counsel, still the absence of such a conclusion will not vitiate a special verdict, which in other respects is sufficient. *Louisville, etc., R. W. Co.* v. *Lucas,* 119 Ind. 583; *Evansville, etc., R. R. Co.* v. *Taft,* 2 Ind.

App. 237.    The court did not err in overruling the motion for a *venire de novo.*

The next insistence is that certain instructions given by the court on its own motion, and others given at the request of appellees, are erroneous.  Two sets of instructions appear in the record.  The first consisting of those given by the court on its own motion.  These are numbered from one to six.  The second set embraces those given at the request of appellees, and are numbered from one to ten.  The third assignment of reasons for a new trial, as it appears in the motion, is as follows:  "3d.  Because the court erred in giving to the jury instructions numbered one to six inclusive, and in each thereof."  This is the only assignment in the motion for a new trial based upon the giving of instructions.  It is evident, therefore, that the only instructions, the giving of which was assigned as a ground for a new trial, were those numbered from one to six, given by the court on its own motion.  The giving of the other ten charges, at the request of appellees, not being assigned as a ground for a new trial, for this reason presents no question for our consideration.  We have examined the instructions given by the court upon its own motion, and we are of the opinion that when they are construed as a whole, as they must be, that they are not open to the criticism of appellants.  These charges, in effect, advised the jurors as to the nature or character of the special verdict, which they were required to return, and as to the issues involved in the action, and also in regard to the rules for weighing or reconciling conflicting evidence.  While some of the expressions or terms employed by the court may possibly be subject to some objections, nevertheless the charges as a whole fairly advised the jury as to its duty relative to the special finding of facts, and in no manner were they harmful to appellants.  While we

cannot consider the objections urged against the instructions given at the request of appellees, for the reason heretofore stated, and while we do not mean to intimate that they were not a correct exposition of the law pertaining to the issues, had the verdict been a general instead of a special one, however, we again repeat, that where there is a special verdict to be returned upon all of the issues, as in the case at bar, there is no use nor propriety in the trial court giving general instructions covering the law of the case.

It is to be regretted that trial judges, where there is a special verdict, so frequently fail to observe this rule. See Elliott's App. Proced., section 645, and the authorities there cited; *Louisville, etc., R. W. Co.* v. *Lynch* (Ind. Sup.), 44 N. E. 997, and the long list of cases there cited.

Appellants contend that, under the special finding of facts, the court erred in overruling the motion for judgment in their favor. Among other material facts the following are disclosed by the jury's answers to the following interrogatories, which formed part of the special verdict:

"237. Did Andrew Bower, at the time of the alleged execution of the paper writing, which is the subject of this contest, have mind and memory sufficient to understand the ordinary affairs of life and act with discretion therein; and did he know his children and grandchildren, and have a general knowledge of the estate of which he was possessed? Ans. No.

"238. Did Andrew Bower, at the time of the alleged execution of the paper writing, which is the subject of this contest, have mind and memory sufficient to understand the ordinary affairs of life, the value and extent of his property, the number and names of the persons who were the natural objects of his bounty, their deserts with reference to their conduct

and treatment of him, their capacity and necessity, and did he have sufficient active memory to retain all these facts in his mind long enough to have his will prepared? Ans. No.

"Did Andrew Bower, whose will is the subject of this contest, on the 26th day of August, 1887, have a general knowledge of the estate of which he was possessed? Ans. No."

We think it is clearly established by the above finding of facts that the testator, at the time he executed the will in dispute, did not possess sufficient mental capacity, under the law, to make a will disposing of his estate. *Todd* v. *Fenton*, 66 Ind. 25; *Lowder* v. *Lowder*, 58 Ind. 538; *Durham* v. *Smith*, 120 Ind. 463; *Burkhart* v. *Gladish*, 123 Ind. 337; *Harrison* v. *Bishop*, 131 Ind. 161.

The verdict fully supports the judgment, and there is evidence supporting the former.

No available error appearing in the record, the judgment is affirmed.