## HAAS *v.* THE C. B. CONES & SON MANUFACTURING COMPANY.

[No. 3,256.    Filed November 2, 1900.]

EVIDENCE.—*Notice.*—Where, in an action for the purchase price of goods sold, defendant claimed he had disposed of his store and business in connection therewith prior to the sale of the goods, evidence as to a publication of a notice of the sale of the store, in a newspaper, in the town in which the store was located, was properly excluded, it not being shown that plaintiff, a non-resident, had notice of such publication, or any opportunity of seeing a copy thereof. *pp. 470, 471.*

APPEAL AND ERROR.—*Evidence.*—The ruling of the court in excluding testimony will not be reversed on appeal if the ruling can be sustained upon any theory, whether advanced at the time of the ruling or not. *p. 471.*

SAME.—*Jury.*—A judgment in an action on an account will not be reversed because the jury took to their room the complaint, with which was filed a verified bill of particulars, at the end of which was a memorandum of interest due on the account, where the proper amount of interest was included in the verdict. *p. 471.*

From the Tipton Circuit Court. *Affirmed.*

*W. R. Oglebay* and *J. L. Oglebay,* for appellant.

*G. H. Gifford, J. R. Coleman, Walter Carter* and *G. J. Gifford,* for appellee.

ROBINSON, C. J.—Suit by appellee to recover the price of goods sold. Upon issues formed a trial by jury resulted in a verdict for appellee. Overruling appellant's motion for a new trial is assigned as error.

The first cause for a new trial discussed is the refusal of the court to permit the introduction in evidence of the affidavit of the publisher of a newspaper at Worthington, Ind., that a certain notice attached to the affidavit was published. This notice was to the effect that the business conducted under the firm name of M. Haas at Worthington, Ind., was that day sold to Morris Haas, who was authorized to collect debts and accounts due the old firm. This notice was signed "M. Haas, Tipton, Ind.," and was dated "Worthington, Ind., March 30, 1898." Moses Haas had purchased the store in 1893 and claimed to have sold it in March, 1898. During this time Morris Haas was in charge of the store. The goods for which suit is brought were sold in September and October, 1898, by appellee, who lived in Indianapolis. The publication of this notice in a newspaper at Worthington, Ind., would not, of itself, be any notice to appellee living in Indianapolis that appellant had sold the store. No promise was made at the time of the offer that notice of this publication would be shown material by proper

connecting evidence. It is not shown, nor attempted to be shown, that the circumstances were such that appellee may have seen or may have had the opportunity for seeing a copy of the notice. The publication of the notice was not, of itself, any notice to appellee.

It is true that when an objection to the introduction of testimony is overruled no grounds of objection will be considered on appeal except those presented to the trial court. But this rule does not apply where testimony is excluded. There may have been no objection interposed, or the court may have excluded it of its own motion, and such action will stand on appeal unless the party appealing can show the ruling was wrong upon any theory. If the ruling can be sustained upon any theory, whether advanced at the time of the ruling or not, it must stand. *Baldwin v. Threlkeld,* 8 Ind. App. 312; *Leach v. Dickerson,* 14 Ind. App. 375; *Abshire v. Williams,* 76 Ind. 97. See *Conden v. Morningstar,* 94 Ind. 150.

It is argued that the verdict is not sustained by sufficient evidence. There is evidence on the material question essential to appellee's recovery, and while it may be conflicting, we can not weigh it to determine where the preponderance lies.

The third reason for a new trial is that the assessment of the amount of recovery is erroneous, being too large. Appellee was entitled to six per cent. interest on the claims from the time they were due to the time of the trial which amounted to $1.92, and this added to the amount of the two claims is the amount of the verdict.

The complaint, with which was filed a verified bill of particulars, at the end of which bill was a memorandum of interest due on the account, was taken by the jury to the jury room. This was not reversible error. The bill of particulars was a part of the complaint. It is manifest from the verdict returned that appellant was not in any way prejudiced by such action. *Shulse v. McWilliams,* 104 Ind.

512; *Summers* v. *Greathouse,* 87 Ind. 205; *Snyder* v. *Braden,* 58 Ind. 143. See *Smith* v. *Thurston,* 8 Ind. App. 105.

The court gave to the jury one instruction. Appellant tendered no instructions. The instruction given is applicable to the evidence and is a correct statement of the law so far as it purports to go. If appellant thought the instruction not sufficiently specific his remedy was to ask further instructions. *Cincinnati, etc., R. Co.* v. *Smock,* 133 Ind. 411; *Du Souchet* v. *Dutcher,* 113 Ind. 249; *Tracey* v. *Hacket,* 19 Ind. App. 133. Taking the instruction given as a whole we do not think any juror of average intelligence could fail to understand that he was required to be guided by the evidence. *City of Indianapolis* v. *Scott,* 72 Ind. 196; *Louisville, etc., R. Co.* v. *Falvey,* 104 Ind. 409; *Citizens St. R. Co.* v. *Hoffbauer,* 23 Ind. App. 614.

Appellee was permitted to show the terms of an agreement as to the purchase and sale of goods between appellant and appellee made about the time appellant purchased the store. This evidence might have some bearing upon whether appellant and Morris Haas were partners, or were employer and employe. But, even if it be admitted that the evidence was not material, appellant has not shown how he was or could have been in any way harmed by its introduction.

From the whole record we can but conclude that no prejudicial error was committed against appellant, and that the motion for a new trial was properly overruled. It appears "that the merits of the cause have been fairly tried and determined in the court below." §670 Burns 1894.

Judgment affirmed.