## ECKMAN *v.* FUNDERBURG.

[No. 22,641.   Filed April 23, 1915.]

1. EVIDENCE.—*Opinion Evidence.—Qualification of Experts.—Discretion of Court.*—Where a physician testified in a will contest that he had attended members of the testator's family, but had never rendered professional service to the testator, that he had seen testator on a number of occasions and had observed that his facial expression was very peculiar, such as is often noted in cases of epilepsy, and that he was very reserved in manner and would never engage in conversation, the action of the trial court in refusing to permit the witness to testify as an expert on the question of testator's mental capacity, was not abuse of discretion.  pp. 210, 211.

2. APPEAL.—*Questions Reviewable.—Exclusion of Evidence.*—The ruling of a trial court excluding offered testimony will stand on appeal, if sustainable on any theory, whether advanced at the time of the ruling or not.  p. 210.

3. APPEAL.—*Opinion Evidence.—Qualification of Experts.—Discretion of Trial Court.*—The question of the qualification of a witness to testify as an expert is for the trial court, in the exercise of a sound legal discretion, and its discretion will not be reviewed on appeal except for plain error.  p. 210.

4. APPEAL.—*Review.—Evidence.—Conclusion of Witness.—Nonexperts.*—In a will contest the action of the court in permitting a

Eckman *v.* Funderburg—183 Ind. 208.

nonexpert witness to testify that in a Sunday school class of which testator was a member, testator was tolerably free to ask and answer questions, and that his answers were almost invariably intelligent, was not erroneous on the ground that the answers were but conclusions of the witness, since the facts and circumstances leading to the conclusions could not be readily stated or described to the jury. p. 211.

5. EVIDENCE.—*Opinion Evidence.—Conclusion of Witness.—Nonexperts.*—Generally the opinions and conclusions of ordinary witnesses are not admissible in evidence, but where it is impossible for the witness to detail all the pertinent facts in such manner as to enable the jury to form a conclusion without the opinion of the witness, the opinion or conclusion of the witness may be admitted as in the nature of an ultimate fact. p. 211.

6. APPEAL.—*Review.—Admission of Evidence.*—Error can not be predicated on the action of the trial court, in a will contest involving the mental capacity of testator, permitting a witness to testify that on one occasion testator in quoting a price on certain cattle placed thereon a price which the witness considered their exact value, where such witness had previously given substantially the same testimony without objection, and especially where the objection made was insufficient to present any question. p. 213.

7. TRIAL.—*Evidence.—Objections.—Time to Make.*—An objection to evidence made after the witness has answered is too late to be available. p. 213.

8. APPEAL.—*Review.—Evidence.—Motion to Strike.*—Where a witness was permitted to answer a question without objection, there was no error in overruling a motion to strike out the answer. p. 213.

9. APPEAL.—*Review.—Waiver of Error.—Briefs.*—Alleged error in the rulings of the trial court are deemed waived where appellant's brief contains no argument thereon and cites no authorities to support his position. p. 214.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Marion W. Eckman against Lola E. Funderburg, and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*S. M. Saylor* and *Lesh & Lesh,* for appellant.

*Emmett O. King, John Q. Cline* and *Claude Cline,* for appellees.

SPENCER, J.—This is a suit by appellant to contest the will of Jacob H. Eckman, deceased, and to set aside its probate.

From a verdict and judgment in favor of appellees, this appeal is taken on the ground that the lower court erred in overruling appellant's motion for a new trial. Under this assignment, error is alleged in excluding certain testimony offered by appellant and in admitting evidence over his objection.

Appellant introduced as a witness a physician, Dr. Hicks, who had attended members of the testator's family but had never rendered professional service to the testator himself. After giving testimony apparently intended to qualify him as an expert, the witness further stated that he had seen the testator on occasions when he had been called to treat his mother and had observed that his facial expression was very peculiar, such as is often noted in cases of epilepsy; that the testator was very reserved in manner and would never engage in conversation. The witness was then asked the following question: "Now, what did that indicate to you with reference to the mind of Jacob H. Eckman, if it indicated anything?" Appellees' objection to this question was sustained on the ground, as stated by the court, that the examination was not sufficient and, on the same ground, the court rejected appellant's offer to prove that such facts indicated to the mind of the witness that the testator was a person of impaired and unsound mind. It has been held that where evidence is excluded by the trial court, the ruling will stand on appeal if sustainable on any valid theory, whether advanced at the time of the ruling or not. *Abshire* v. *Williams* (1881), 76 Ind. 97, 103; *Fisher* v. *Allison* (1874), 46 Ind. 593; *Haas* v. *Cones Mfg. Co.* (1900), 25 Ind. App. 469. It is also well settled that the question as to the qualification of a witness to testify as an expert is for the trial court, in the exercise of a sound legal discretion, and its discretion will not be reviewed on appeal except for plain error. *Jenney Electric Co.* v. *Branham* (1893), 145 Ind. 314, 320, 33 L. R. A. 395; *Eureka Block*

*Coal Co.* v. *Wells* (1902), 29 Ind. App. 1, 11, 94 Am. St. 259; Lawson, Expert and Opinion Ev. (2d ed.) 276, and cases cited.

It is difficult to determine from the record whether Dr. Hicks was testifying as an expert or a nonexpert witness. An application of the above holdings, however, particularly in view of the ground stated by the trial judge in support of his ruling, leads to the conclusion that appellant was examining Dr. Hicks as an expert witness and was seeking to introduce evidence for which, in the opinion of the court, no proper foundation had been laid. We can not say that the court abused its discretion in sustaining appellees' objection to the question as propounded or in rejecting the offer to prove.

It is next insisted that the trial court erred in permitting the witness, Moss, to testify over appellant's objection that in a Sunday school class of which the testator was a member he was "tolerably free to ask and answer questions"; also that the court erred in permitting the witness to testify further on said subject as follows: "Q. You may state from your observation what was the manner of his methods in asking or answering questions in that class, as to whether they were intelligently answered or otherwise? A. I considered his answers to those questions intelligent. I considered them so, almost invariably." The general rule is well settled that the opinions and conclusions of ordinary witnesses are not admissible in evidence, for the reason that the court or jury is quite as competent to draw conclusions from facts presented as are the witnesses themselves. But, as stated in Jones, Evidence (2d ed.) §360, "It often happens that it is impossible for a witness to detail all the pertinent facts in such a manner as to enable the jury to form a conclusion without the opinion of the witness. Indeed, the witness may not be able to separate the facts and indications from

which he has formed a conclusion from the conclusion itself.''
In such cases the opinion or conclusion of the witness is
treated as in the nature of an ultimate fact and will be re-
ceived in evidence on the ground that the primary facts lead-
ing to such opinion or conclusion cannot be so stated or de-
scribed as to enable a person, not an eye witness, to form an
accurate judgment thereon.   Thus, in *Nash* v. *Hunt* (1874),
116 Mass. 237, 245, a witness was allowed to testify that dur-
ing a certain interview he ''observed no incoherence of
thought in the testator, nor anything unusual or singular in
respect to his mental condition.''   In the case of *Alabama,
etc., Iron Co.* v. *Cowden* (1911), 175 Ala. 108, 120, 56 South.
984, a witness was asked whether a certain mule was ordina-
rily gentle and his answer, viz., that from what he had seen he
would say it was a gentle mule, was received in evidence.
The court said: ''While the answer sought and given   *   *   *
savored, in a sense, of a conclusion of the witness, yet it
was not of that class of opinion evidence which the law holds
inadmissible.''   *Barr* v. *Sumner* (1915), *post* 402.   See, also:
*Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 553;
*Carthage Turnpike Co.* v. *Andrews* (1885), 102 Ind. 138, 142,
52 Am. Rep. 653; *Coffman* v. *Reeves* (1878), 62 Ind. 334,
342; *Benson* v. *McFadden* (1875), 50 Ind. 431, 433; *Hardy*
v. *Merrill* (1875), 56 N. H. 227, 22 Am. Rep. 441; *Horn* v.
*State* (1903), 12 Wyo. 80, 148, 73 Pac. 705.

It is evident from an examination of the record that the
opinion of the witness to which objection is now made was
not based on particular questions and answers which he
might have stated to the jury for its consideration, but was
rather the result of his observation of the testator's conduct
covering a considerable period of time.   The facts and cir-
cumstances thus leading to his conclusion could not be readi-
ly stated or described to the jury and we hold the evidence
admissible under the rule above set out.   For the same rea-
sons the objection urged against similar evidence given by
the witness Brumbaugh can not be sustained.

Objection is also made to evidence given by another witness who, after testifying that on one occasion he offered to purchase certain cattle of the testator, further stated 6. that the price put on said cattle by the testator was what he, the witness, considered their exact value to be. Substantially the same testimony had been previously given by the witness without objection on the part of appellant but, in any event, unless the fact is much more clearly apparent than in this case, no question is presented for review by an objection that evidence is ''incompetent and irrelevant and not tending to support any of the issues in this cause''. *Davis* v. *Cox* (1912), 178 Ind. 486, 493; *Shewalter* v. *Hamilton Oil Co.* (1902), 28 Ind. App. 312.

Finally, it is insisted that the court erred in permitting the witness Elmina Eckman to testify as follows: ''Q. You may state whether or not you ever heard Marion 7. (meaning appellant) use language to your mother and about Samuel Funderburg which you would not repeat in court? A. I did.'' It appears from the record that after the witness had answered, appellant objected to the question ''as calling for a conclusion of the witness and not a statement of fact''. No motion was made to strike out and no ruling was made on the objection which, coming after the answer had been given by the witness, was too late to be available for any purpose. *Swygart* v. *Willard* (1906), 166 Ind. 25, 31. The witness was then asked, without 8. objection, whether appellant used vulgar language and replied: ''Yes, sir, he has''. Appellant moved ''to strike out the answer of the witness as being a statement of a conclusion and an evasion''. This evidence, however, was admitted without objection and there is no error in refusing to strike out evidence which is so admitted. *Gurley* v. *Park* (1893), 135 Ind. 440, 443; *Cleveland, etc., R. Co.* v. *Wynant* (1893), 134 Ind. 681, 693.

The error, if any, in such other rulings of the lower court as are challenged by appellant's motion for a new trial must

be treated as waived for the reason that appellant's 9. brief contains no argument thereon and cites no authorities in support of his position. *Schmoe* v. *Cotton* (1906), 167 Ind. 364; *Bonnel* v. *Shirley* (1894), 131 Ind. 362. We have carefully examined each of the propositions advanced by appellant but can not agree that they are sufficient to overcome that reasonable presumption which an appellate tribunal will indulge in favor of the rulings of the trial court.

Judgment affirmed.

Cox, J., and Lairy, J., concur in result with an opinion by Lairy, J.


## CONCURRING OPINION.

LAIRY, J.—I can not give my assent to that part of the opinion which holds that the trial court properly excluded the expert opinion of Dr. Hicks as to the mental condition of testator, upon the ground that his examination of the testator as shown by the evidence was not sufficient to warrant him in basing an opinion thereon. The witness was testifying as an expert and he stated that he had seen the testator and talked with him and had observed his appearance. Upon these facts he offered to give an opinion. The fact that the witness had only slight opportunity to observe the testator or that the facts upon which the proposed opinion was based were meager would not render such opinion inadmissible, but these matters could affect only the weight of the evidence and that was a question for the jury. *Reininghaus* v. *Merchants Life Assn.* (1902), 116 Iowa 364.

The result reached in the majority opinion may be justified upon the ground that excluded evidence was not of sufficient importance to justify a reversal of the judgment. §700 Burns 1914, §658 R. S. 1881. I am of the opinion that the trial court reached a correct result and for this reason I concur in the affirmance of the judgment.

NOTE.—Reported in 108 N. E. 577. As to when opinions of nonexperts are admissible, see 30 Am. St. 38; 38 L. R. A. 721. As to the admissibility of expert opinion as to mental capacity, see 39 L. R. A. 305. See, also, under (1) 17 Cyc. 28; (2) 3 Cyc. 221; (3) 3 Cyc. 336; (4) 17 Cyc. 83, 94; (5) 17 Cyc. 83; (6) 38 Cyc. 1418; (7) 38 Cyc. 1390; (8) 38 Cyc. 1406; (9) 2 Cyc. 1014; 3 Cyc. 388; 2 Cyc. 1017.