LENGYEL v. HECHT.

[No. 667A15. Filed December 4, 1968. Rehearing denied January 2, 1969. Transfer denied March 4, 1969.]

---

*Richard P. Komyatte, Harold Abrahamson,* of Hammond, and *Crumpacker & Abrahamson,* of counsel, of Hammond, for appellant.

*Charles G. Bomberger, Gilbert F. Blackmum* of Hammond, *George W. Douglas,* of Valparaiso and *Friedrich, Bomberger, Tweedle & O'Connor,* of counsel, of Hammond, for appellee.

SMITH, J.—Appellant, Michael Lengyel, Jr., was injured when struck by a runaway electric golf cart operated by the appellee, Paul Hecht, at a golf outing which the parties were attending at Cedar Lake, Indiana. On the issues joined of negligence and causation, a jury returned a general verdict for the defendant-appellee, and judgment was entered accordingly.

Appellant filed a timely motion for a new trial which was overruled. The sole error assigned is the overruling of the

motion for a new trial, which motion contained fifteen specifications of error. However, the appellant's brief discusses only five such specifications and appellant has apparently abandoned the other ten specifications.

The five specifications of error contained in the motion for a new trial which are argued by the appellant are as follows:

"1. The verdict of the jury is contrary to law since the undisputed evidence was such as to entitled the appellant to a verdict.

"2. The trial court committed prejudicial error in refusing to permit appellant to cross-examine appellee as to what intoxicating beverages he had drunk, since such evidence was material and relevant on the issue of appellee's control of the golf cart.

"3. The trial court committed prejudicial error in permitting an expert witness to testify as to what possibly might have caused the accident, where his opinion was not based on facts established by evidence.

"4. The trial court committed prejudicial error in granting the appellee's motion to suppress the testimony of certain rebuttal witnesses called by the appellant.

"5. The trial court committed reversible error in giving the jury an emergency instruction where there was no evidence in the record from which the jury could find that appellee was confronted with an emergency without fault on his part."

Appellant's first specification of error relates itself to the evidence. The evidence in substance discloses the following: That the appellee was backing his electric golf cart down an incline toward the general area where appellant was seated at a picnic table. Appellee was looking over his shoulder and applied the brakes on the golf cart approximately three feet from the table. The golf cart did not stop, but struck the table and the appellant, thereby shattering the table on impact and pushing it approximately five feet, where the cart came to a stop on top of the broken picnic table and on top of appellant's legs. There was evidence submitted by

the appellee to the effect that electric switches sometimes freeze together, and that when this occurs, the brakes will not function. Appellant's witness, the club mechanic, testified that even if the snap switches which control the brake mechanism were to freeze or burn together, the brakes would still stop the golf cart if the switches were to freeze at either low or medium speeds. However, the brakes would fail to function if the cart was being operated at the highest of its three possible speeds.

Under the first specification of error the appellant maintains that the verdict is contrary to law because the undisputed evidence required a contrary verdict. Appellee, in response to this specification of error, asserts that this court may only concern itself with the evidence most favorable to appellee and that the court will only look to see if there was any competent evidence, whatever its weight, to support the verdict; and further urges that the facts of collision and the unforeseen mechanical failure of the brake do not constitute acts of negligence. *Jackson v. Johnson* (1966), 140 Ind. App. 70, 222 N. E. 2d 409; *City of Mitchell v. Stevenson* (1964), 136 Ind. App. 340, 201 N. E. 2d 58; *Silverstein v. Central Furniture Co., Inc.* (1960), 131 Ind. App. 170, 162 N. E. 2d 690.

The appellant under his Specification of Error No. 1 is arguing the weight of the evidence, and in fact is asking us to weigh the evidence.

From a review of the evidence most favorable to the appellee we find "competent" evidence to support the verdict of the jury and therefore we conclude that the verdict is not contrary to law as asserted in Specification of Error No. 1.

Appellant's Specification of Error No. 2 concerns the issue of control of the operation of the golf cart and is contained in the following allegation of the amended complaint:

"Defendant was negligent in failing to keep said golf cart under proper and reasonable control."

It is the contention of the appellant that evidence of the drinking of intoxicating beverages is directly related to the issue of control. Specifically, the appellant maintains that the trial court erred in sustaining an objection to a question asked the appellee, which question is as follows:

"MR. ABRAHAMSON: Mr. Hecht, you indicated that there was soda pop, hot dogs, and beer available at this refreshment stand out on the course. During the course of that golf round, did you avail yourself with any refreshments out there on the course?"

From an examination of the question it appears that the appellant was inquiring as to whether appellee had availed himself of *any refreshments* while on the golf course. The question was prefaced with a statement made by the counsel for the appellant that soda pop, hot dogs and beer were available. It is apparent that the question called for a "yes" or "no" answer; that it refers to three types of refreshments, two of which are obviously unrelated to the consumption of intoxicating beverages.

We feel that the propounding of such a question is an indirect attempt on the part of the appellant to get the issue of control before the jury, but the question propounded does not go far enough. Counsel for the appellant should have followed with a direct question relating to consumption of intoxicating beverages which might have brought him within the issue relevant to the question of control; also, there is nothing in the record revealing that the trial court refused to admit evidence of intoxication.

We further feel that the issue of driving under the influence of intoxicating liquor was withdrawn from the case by the trial court, irrespective of whether the appellant classified that issue under a specific allegation of driving under the influence or under a more general allegation of failure

to control; and that the appellant was not prevented in any manner from attempting to establish other facts which relate to his charge of failure to control.

We find no error on the part of the trial court in preventing the appellant from unfairly attempting to prejudice the jury, either in a direct or indirect manner. It is for this precise reason that the trial courts are given broad discretion in limiting the testimony of witnesses. In Wigmore, *Evidence* (3rd edition). § 1864(b), p. 491, is contained the following statement:

". . . if certain evidential material, having a legitimate probative value, tends nevertheless to produce also, over and above its legitimate effect, *an unfair prejudice to the opponent . . . . . there is good ground for excluding such evidence, unless it is indispensable for its legitimate purpose*". (Emphasis supplied.)

Appellant failed to introduce any proof whatsoever of any drinking of intoxicating beverages by the appellee.

It is also well established that a ruling of a trial court is presumed to be correct and will be sustained if there is any valid reason therefore, regardless of the objection advanced at the time of trial. *Eckman v. Funderburg* (1915), 183 Ind. 208, 108 N. E. 577; *Abshire v. Williams et al.* (1881), 76 Ind. 97; *Haas v. Cones Mf. Co.* (1900), 25 Ind. App. 469, 58 N. E. 499.

We find no abuse of discretion in sustaining appellee's objection to the question as set out and discussed herein.

Appellant's Specification of Error No. 3 maintains that the trial court committed reversible error in allowing the use of opinion evidence by an expert witness called by appellee. Appellant argues that a party seeking the introduction of expert opinion by way of hypothesis is required to base the hypothetical opinion of the expert upon facts introduced

previously into the evidence. 13 I. L. E. *Evidence,* § 304, p. 175, reads as follows:

"Expert witnesses generally may express their opinions not only upon facts within their personal knowledge, but upon assumed facts *supported by the evidence in the case* and stated to them by way of hypothetical questions. *These facts must still be based upon facts previously appearing at the trial,* however. * * * The expert's opinion must be based upon facts which the evidence in the case tends to prove. . . ." (Emphasis supplied.)

Here again the appellant appears to ignore the evidence most favorable to the appellee. The expert witness in question only testified as to what possibly could happen under certain circumstances. He testified to the intricate details of the operating and braking systems of Victor golf carts, and certainly the trial court was justified in permitting an expert to explain the mechanical workings of the braking system and that such a failure to which appellee testified was mechanically possible. Said expert witness was a person skilled in that field who had personal knowledge of other emergency situations similar to that which confronted the appellee. The witness was not asked for an opinion as to the ultimate fact of what caused the accident. He merely testified as to the operation of the golf cart and the effect of various malfunctions which might create the emergency situation which confronted the appellee. As is stated in 13 I. L. E. *Evidence,* § 273, p. 153:

"A special skill on the part of a witness may qualify him to testify as to the operation of machinery and vehicles. . . . ."

The expert evidence in question obviously related to matters within the peculiar knowledge and experience of the witness and not common to the average person. The trial court has broad discretion in determining both the qualifications of an expert and the nature of his admissible testimony, and it is our opinion that the trial court properly

determined that the explanation of this witness would aid the jury in deciding the issues before it, and that the trial court did not err in the exercise of such discretion; and no abuse of discretion is revealed by an examination of the record in this case. *Snow v. Cannelton Sewer Pipe Company* (1965), 138 Ind. App. 119, 210 N. E. 2d 118; *Linton-Summit Coal Co., Inc. v. Hutchison* (1953), 232 Ind. 369, 111 N. E. 2d 819; *Eckman v. Funderburg, supra.* The rule is also stated in *Snow v. Cannelton, supra,* as follows:

> "Moreover, it is the rule in Indiana that there necessarily exists an element of judicial discretion in the trial judge in admitting expert testimony because the trial judge can best observe whether this type of testimony would serve any useful purpose."

Appellant mistakenly contends that the appellee was required to ask the expert witness a hypothetical question; and follows this contention with an assertion that there were insufficient facts in evidence to frame a hypothetical question which would justify his opinion as to the cause of the accident. However, it is apparent that the evidence of the expert witness was not used for that purpose, but was used merely to explain the mechanical operation and causes of brake failure in the particular golf car in question. It is our opinion, therefore, that the jury had a right to consider this opinion evidence along with other evidence in reaching its verdict.

Appellant's Specification of Error No. 4 maintains that the court committed reversible error when, at the close of appellee's evidence, the court granted appellee's motion to suppress testimony of certain rebuttal witnesses subpoenaed by the appellant. The appellant urges that this motion attacked the competency of the witnesses and is thus in conflict with the liberal interpretation of competency as declared by Burns' Indiana Statutes (1968 Repl.), § 2-1713. Appellant further maintains that when a person, who is prima facie competent, has his right to testify challenged, the chal-

lenging party has the burden of demonstrating his incompetency, and that the appellee offered no proof of incompetency other than that stated by the appellee in his motion to suppress, as follows, to-wit: that the expert witnesses in question are insurance adjusters and the injection of the fact of insurance will prejudice the defendant-appellee. The appellant further contends that this reason for objection is insufficent when considered in the light of Indiana decisions which mandate a very liberal interpretation of competency.

In reply to appellant's position, appellee argues that the court did not declare the witnesses to be incompetent and that the court ruled properly that failure to show that the testimony would be competent resulted in its necessary exclusion.

Appellee further states that he believes the appellant's only motive in attempting to introduce rebuttable testimony was to improperly and illegally inject the question of insurance because there was no fact in issue upon which the two rebuttal witnesses were known to have any relevant knowledge. The appellee further urges that the trial court had the right and duty to limit the appellant to proper rebuttal evidence and that the appellant made no showing that his rebuttal evidence was proper; and that evidence will be presumed to have been properly excluded when it is not made to appear affirmatively that it was competent for the purpose for which it was offered. *Bower et al. v. Bower et al.* (1895), 142 Ind. 194, 41 N. E. 523; On reh. 146 Ind. 393, 45 N. E. 595; *The Pennsylvania Company v. Newmeyer* (1891), 129 Ind. 401, 28 N. E. 860; *Abshire v. Williams et al.* (1881), 76 Ind. 97.

The position of appellant apparently is that he did not have a fair trial because the court would not allow him to introduce improper rebuttal evidence. However, at the same time the appellant admits that he had no conception as to what evidence the rebuttal witnesses might give and had no idea as to whether such evidence might rebut any of the appellant's evidence.

It is our opinion that the trial court, for the reasons stated herein, did not err in refusing to admit the testimony of the two rebuttal witnesses.

Appellant's Specification of Error No. 5 urges that reversible error was committed by the trial court by the giving of appellee's tendered Instruction No. 8, which reads as follows:

> "I instruct you that where one, without fault of his or her own, is confronted by a sudden emergency, the same degree of judgment or care is not required of him as is required of one who is acting under normal conditions. The test to be applied is whether the person thus confronted by a sudden emergency did or attempted to do what a reasonably prudent person would do under the same or like circumstances. If therefore you find from the evidence in these cases that the defendant, without fault, was confronted by a sudden emergency and that, while in such a position, he did or attempted to do what a reasonably prudent person would have done under the same or similar circumstances, then he was not negligent, and your verdict must be for the defendant."

Appellant does not contend that Instruction No. 8 is an erroneous statement of the law, but merely maintains that it does not apply to the evidence. Specifically, he contends that there is no evidence that (1) an emergency was created without fault of the appellee, or (2) that he acted as a prudent person when confronted with an emergency.

Thus it is apparent that appellant would have this court hold as a matter of law that the appellee was guilty of negligence.

The evidence of appellee's conduct while approaching the critical area reveals the following facts: that the appellee backed the golf cart about seven feet down a slight incline, applied his foot to the brake, preparing to stop at a table occupied by appellant; but that the cart failed to slow down and stop. That the appellee struck the table, proceeded a few feet from there and finally stopped by turning off the key.

A motor vehicle operator is certainly faced with a sudden emergency when, without warning, his brake system fails. The evidence most favorable to the appellee is that the brakes failed to function, and this was not the fault of the appellee when the law does not require him to anticipate that such will happen. *McCleary v. Mowery* (1967), 141 Ind. App. 672, 231 N. E. 2d 165; *Ryan v. Leach* (1966), 139 Ind. App. 14, 215 N. E. 2d 877.

Appellant further contends that there must be a showing of affirmative action on the part of the appellee after the emergency arose before an emergency instruction is proper. In reply, the appellee maintains that this is not the true test, since under certain circumstances a defendant may fail to do anything and yet his action be deemed reasonable under emergency conditions. In other words, the instruction permits the jury to consider both what a defendant did and also what he failed to do after the emergency arose. In support of this position, the appellee cites the case of *Dimmick v. Follis* (1953), 123 Ind. App. 701, 111 N. E. 2d 486.

As revealed by the record in this case, this court is not faced with a situation where a defendant did nothing after the emergency arose, for the appellee testified that after the brakes failed, he continued to apply the brakes and then turned off the key to stop the cart. It is, therefore, our opinion that the appellant's allegation of error in the giving of the emergency instruction, whether with respect to action taken or the failure to take any other action, is without merit. The jury, in order to properly assess appellee's action in attempting to stop the cart and avoid any accident, was required to measure appellee's conduct in the light of a sudden emergency, and this the trial court instructed the jury to do. We find no error in the giving of the emergency instruction.

In the absence of error in the proceedings of the trial court, it is our opinion that the judgment should be affirmed.

Judgment affirmed.

Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 242 N. E. 2d 135.