FAIR *v.* STATE OF INDIANA.

[No. 867S73. Filed September 17, 1969. No petition for rehearing filed.]

*Cecil A. Taylor, Hall Cochrane,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Duejean C. Garrett,* Deputy Attorney General, for appellee.

DEBRULER, C. J.—This is an appeal from a conviction for armed robbery following a trial by court on an indict-

ment in Division One of the Criminal Court of Marion County, Indiana.

The crime of robbery is defined by Burns' Ind. Stat. Ann. § 10-4101, as follows:

> "Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years. . . ."

Appellant argues three grounds for reversal: (1) There was insufficient evidence to sustain a finding of guilty; (2) The trial court failed to rule on appellant's motion for directed verdict; (3) The prosecutor suppressed evidence favorable to the appellant.

(1) On a challenge to the sufficiency of the evidence this Court does not weigh the evidence but looks to that evidence and the reasonable inferences therefrom most favorable to the State. The conviction will be affirmed if from that viewpoint there is some evidence from which a reasonable trier of fact could infer the appellant was guilty beyond a reasonable doubt. *Carter v. State* (1968), 250 Ind. 50, 234 N. E. 2d 850; *Butler v. State* (1967), 249 Ind. 484, 229 N. E. 2d 471; *Tait v. State* (1963), 244 Ind. 35, 188 N. E. 2d 537. We now examine the facts most favorable to the State in accordance with our duty to review them.

On February 6, 1966, at 10:30 p.m. the appellant, armed with a black pistol and accompanied by another man carrying a sawed-off shotgun, entered a pool room in Indianapolis owned by the witness, Robert Sanders. Neither man was masked. The man with the shotgun stood by the door and announced that it was a holdup while the appellant ordered two men who were sitting in the room to lay down on the floor with their faces down. This they did. The appellant then told Robert Sanders to do likewise and he responded by squatting down behind a counter and showcase. The ap-

pellant held the pistol in Sanders' face and reached over and took a box containing about $447.00 out of the showcase. The two armed men then instructed the three men in the shop to remain on the floor for five minutes as they backed out the door and left. On April 7, 1966, Robert Sanders saw the appellant in the City-County Building in Indianapolis, reported the appellant's presence to the police and identified the appellant to police officer James Dabner who immediately arrested the appellant.

The appellant argues that the evidence identifying him as one of the men who committed the crime is insufficient as a matter of law. The witness, Mr. Sanders, testified as follows:

"Q. Who said get down?

A. This gentleman sitting there.

Q. Okay.

A. He said get down off the stand. They he-hawed a little bit around, he said get down off the stand, I mean get down. He had a big black pistol in his hands.

. . . . .

Q. The man that said get down, was he the one with the pistol?

A. Yes, sir.

Q. Is that the man sitting right there?

A. That's the gentleman.

. . . . .

Q. Who said that means you too?

A. This gentleman here. . . ."

The above quotes from the trial record show that the identification of the appellant was definite and supported by sufficient evidence.

Appellant further asks the Court to invoke the presumption of innocence rule and reverse this case because the evidence presented by the prosecution and the defense is "equal" in the sense that each side had only one witness to testify to the event that took place. For this Court to accede would be to usurp the functions of the trier of fact. This we cannot do. *Manlove v. State* (1968), 250 Ind. 70, 232 N. E. 2d 874; *Anderson v. State* (1966), 247 Ind. 552, 217 N. E. 2d 840; *Fitzgerald v. State* (1966), 248 Ind. 19, 219 N. E. 2d 603.

(2) Appellant next contends that he has been denied a fair trial by the failure of the trial court to rule upon appellant's motion for discharge at the end of all the evidence. The motion and disputed ruling are as follows:

"At this time, Your Honor, moves that he be discharged. It is his word against the prosecuting witness, Mr. Sanders. Mr. Sanders said that the defendant had a gun and another guy had a shotgun but if there was any other man in there, he is not in the Courtroom. The defendant steadfastly denied to Sargeant Dabner here that he held the man up and said that he had never been in that pool hall and any doubt should be resolved in behalf of the defendant."

To this motion the court replied:

"This case depends upon whether the Court believes the identification of Mr. Sanders or the denial of the defendant. Mr. Sanders, although his prior behavior apparently is not wholly admirable he has been arrested, he seemed fairly positive in his identification, quite honest in the fact that he could not identify another party, does not have a criminal record; and here is a man denying that he committed this when he has committed a similar crime, in fact four prior, four other felonies and I cannot accept his testimony in this case. The Court finds the defendant guilty as charged."

The appellant accepted this ruling without objection and did not request clarification of the court's ruling. We deem

the ruling to have been an effective denial of appellant's motion for discharge.

(3) The appellant's last argument is that the prosecution suppressed evidence which was favorable to the appellant in that the prosecution did not present the testimony of the two customers who were in the pool room at the time of the robbery.

Appellant raises an important issue here and we agree that if the prosecution in this case suppressed any evidence favorable to the appellant it would be a violation of the due process clause of the Fourteenth Amendment to the United States Constitution. The United States Supreme Court in *Brady v. Maryland* (1963), 373 U. S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194, stated:

> "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
>
> "The principle of *Mooney v. Holohan* is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: 'The United States wins its point whenever justice is done its citizens in the courts.' A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice, even though, as in the present case, his action is not 'the result of guile,' to use the words of the Court of Appeals. 226 Md., at 427."

In *Pyle v. Kansas* (1942), 317 U. S. 213, 87 L. Ed. 214, that same Court held:

"Petitioner's papers are inexpertly drawn, but they do set forth allegations that his imprisonment resulted from perjured testimony, knowingly used by the State authorities to obtain his conviction, and from the deliberate suppression by those same authorities of evidence favorable to him. These allegations sufficiently charge a deprivation of rights guaranteed by the Federal Constitution, and, if proven, would entitle petitioner to release from his present custody, *Mooney v. Holohan,* 294 U. S. 103, 79 L. Ed. 791, 55 S. Ct. 340, 98 A.L.R. 406."

See also *United States, ex rel. Almeida v. Baldi,* 195 F. 2d 815; *Griffin v. United States,* 183 F. 2d 990; *United States, ex rel. Meers v. Wilkins* (1964), 326 F. 2d 135; *People v. Whitmore,* 45 Misc. 506, 257 N. Y. S. 2d 787.

Canon No. 5 of the Canons of Professional Ethics of the American Bar Association states in part:

"The primary duty of a lawyer engaged in public prosecution is not to convict, but to see that justice is done. The suppression of facts or the secreting of witnesses capable of establishing the innocence of the accused is highly reprehensible."

The final draft of the new Code of Professional Responsibility prepared by a special committee of the American Bar Association states:

"(B)    A public prosecutor or other government lawyer in criminal litigation shall make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence, known to the prosecutor or other government lawyer, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment." DR 7-103(B)

Although we have found no Indiana cases directly on this point, the underlying principle has been accepted in this state. In *Wasy v. State* (1956), 236 Ind. 215, 138 N. E. 2d 1, this Court stated:

"A prosecuting attorney certainly has a duty to present the state's strongest case. In doing so, however, he is not licensed to use *unethical* or inflammatory tactics in an attempt to convict an accused. *He has the same duty as a court to see that justice is administered in conformity with the recognized principles of the law.*" (Emphasis added.)

See also *Adler v. State* (1961), 242 Ind. 9, 175 N. E. 2d 358.

We go no further into this issue at this time because, in view of the many opportunities available to appellant's attorney to obtain the names of the two men in order to interview them, we do not see how it can be said the prosecution suppressed their identity or their testimony.

Appellant's attorney made no effort to interview Mr. Sanders and determine the names of the two men, nor did he make a request for that information from the police or prosecutor's office. Due to the tremendous potential significance those two witnesses had for the defense the prosecutor would have been required to reveal their names to the appellant's attorney had he been asked. The appellant's attorney made no effort to discover the two witnesses' names under the deposition procedure in *Bernard v. State* (1967), 248 Ind. 688, 230 N. E. 2d 536; *Johns v. State* (1968), 251 Ind. 172, 240 N. E. 2d 60. Under the principle of those two cases appellant could have taken discovery depositions of Mr. Sanders and the investigating police officers.

At the trial Mr. Sanders revealed, without naming them, that there were two men in the pool room when it was robbed. The appellant's attorney did not seek to elicit the names of the two men on cross examination of Mr. Sanders, nor did he request a continuance for the purpose of identifying and locating them. After the trial appellant's attorney had one last chance to locate those two men and use their affidavit in a motion for new trial based

on newly discovered evidence. We think there is no reason to believe that the prosecution suppressed the testimony or identity of those two men.

The conviction is affirmed.

Arterburn, Givan, and Hunter, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 250 N. E. 2d 744.