PADGETT *v.* STATE OF INDIANA.

[No. 1069S257. Filed September 29, 1970. No petition for rehearing filed.]

*Elliott Hickam,* of Spencer, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a conviction for first degree burglary in violation of Acts 1941, ch. 148, § 4, Burns Ind. Stat. Ann. § 10-701 in a trial by jury in the Owen Circuit Court. Appellant was sentenced to 10-20 years in prison.

Appellant's sole contention on appeal is that in this case appellant was overcharged and that a sentence of 10-20 years in prison was too severe under the circumstances.

According to the appellant the evidence at trial showed that the residence of Isma Sinclair in the northern part of Owen County was broken into on January 31, 1969, and $4,000 worth of property taken. John Ragsdale testified that he and appellant drove to the Sinclair residence, broke in and removed the household goods. The Sinclairs were on vacation at the time and no one was in the house. Both men had prior felony convictions.

This court will review the facts solely to determine whether there was sufficient evidence to sustain the verdict. *Fair* v. *State* (1969), 252 Ind. 494, 250 N. E. 2d 744. The first degree burglary statute Burns § 10-701(a) reads:

"10-701 *Burglary—First, second, and third degrees—Penalties.*— (a) Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten (10) years nor more than twenty (20) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Under appellant's own version of the facts they are clearly sufficient to sustain a verdict for first degree burglary. The fact that the prosecution might have only charged appellant with the lesser crime of entering to commit a felony is not properly directed to this court. In *Durrett et al.* v. *State* (1966), 247 Ind. 692, 219 N. E. 2d 814, the appellant claimed that he should have been sentenced under the house breaking

in the daytime statute rather than the first degree burglary statute under which he was convicted. This court held:

"It has long been settled that it is the province of the Legislature to define criminal offenses and to set the penalties for such criminal offenses. There are many factual situations where a charge could be brought under one of several different statutes. Indeed, on some occasions, charges have been brought in alternative counts with the different counts being based upon different criminal statutes. It is sufficient if the indictment or affidavit charges and the evidence proves an offense under a statute, even though the charge might have been brought under a different statute providing a lesser penalty."

Appellant's sentence is as prescribed by the statute upon which the conviction was rendered.

Appellant requests that this court exercise its inherent power to reduce the sentence to that for entering to commit a felony, Acts 1941, ch. 148, § 5, Burns Ind. Stat. Ann. § 10-704, which is 1-10 years. At the request of appellant the trial court instructed the jury on the crime of entering to commit a felony, Burns § 10-704, *supra,* as well as first degree burglary. After hearing all of the evidence the jury did not see fit to bring in a verdict on the lesser included offense. We see no reason to overturn that verdict.

Judgment affirmed.

Hunter, C.J., Arterburn and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 262 N. E. 2d 396.