**Brady EDWARDS and Ronnie Edwards, Appellants,**

v.

**STATE of Indiana, Appellee.**

No. 1084S394.

Supreme Court of Indiana.

Dec. 12, 1986.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in the conviction of appellants on two counts each of Child Molesting, a Class B felony. Ronnie Edwards was sentenced to two terms of twelve (12) years to be served concurrently. Brady Edwards was sentenced to two terms of ten (10) years to be served concurrently.

The victim testified that during the summer of 1982, when she was ten years of age, she had sexual intercourse and committed fellatio at various times with each of the appellants. Because of her age, she was allowed to demonstrate her testimony with anatomically correct dolls. The victim's six-year-old brother testified that ap-

pellant Ronnie Edwards attempted to have sexual relations with another sister younger than the victim and that he attempted to get the witness to perform fellatio upon him.

Appellants claim the evidence is insufficient as a matter of law to sustain their convictions. They recognize that this Court will not weigh the evidence or judge the credibility of the witnesses. *McAfee v. State* (1984), Ind., 459 N.E.2d 1186. They further cite the case of *Liston v. State* (1969), 252 Ind. 502, 250 N.E.2d 739, for the proposition that this Court will thoroughly probe and sift the evidence most favorable to the State to determine if there are sufficient facts of probative value to establish guilt beyond a reasonable doubt.

■ Given these well established rules of law, appellants argue that the testimony of the victim was unresponsive, contradictory and at points exculpatory of appellants. When the testimony of the victim is examined in its entirety, there is no question that her age, eleven years at the time, and her limited knowledge of human anatomy caused her testimony to be unresponsive and at times contradictory. In spite of the great difficulty experienced by the prosecutor in eliciting her testimony, she nevertheless made unequivocal statements that each appellant put his penis into her vagina and that each appellant put his penis into·her mouth. This alone presents enough evidence to support the verdict of the jury.

■ Appellants claim the trial court erred in admitting an edited tape and transcript of a prior interview with the victim. It is appellants' position that this tape and transcript are hearsay and as such should not have been allowed. The tape and transcript are allowable for two reasons. First, out-of-court declarations of a witness are not objectionable hearsay and are admissible as substantive evidence if the witness also testifies and is available for in-court cross-examination. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. Such out-of-court declarations cannot be used as a substitute for available in-court testimo-

ny. *Samuels v. State* (1978), 267 Ind. 676, 372 N.E.2d 1186. However, the tape and transcript were not used as a substitute for in-court testimony, but rather were a reiteration of the testimony which the witness stated directly from the witness stand.

■ The tape and transcript were also admissible at the discretion of the trial court due to the tender age and minimal understanding of the witness. A witness may be treated in much the same manner as a hostile witness if the peculiar circumstances attending the examination, such as the age, the lack of understanding or the demeanor of the witness, so indicate. *Brown v. State* (1939), 216 Ind. 106, 23 N.E.2d 267. This includes what would be considered cross-examination in the ordinary sense. In cross-examination, a witness may be questioned concerning statements he has made on a former occasion, subject to the sound discretion of the trial judge. *See Slayton v. State* (1985), Ind., 481 N.E.2d 1300.

■ In the case at bar, some of the answers given by the witness on direct examination did appear to be somewhat confusing and contradictory. Under such circumstances, the State was entitled to introduce her prior statements in order to clarify the situation and give the jury the maximum opportunity to discern the total sum of her testimony.

Appellants claim the trial court abused its discretion in finding that the six-year-old brother of the victim was competent to testify. Appellants concede the existence of the statute, Ind.Code § 34–1–14–5, which permits such testimony at the discretion of the trial court, and also recognize *Johnson v. State* (1977), 265 Ind. 689, 359 N.E.2d 525, and *Carter v. State* (1980), Ind.App., 408 N.E.2d 790, wherein both the Supreme Court and the Court of Appeals have recognized the validity of the statute.

■ It is appellants' contention that the evidence clearly shows that the six-year-old witness did not have an understanding sufficient to qualify him as a witness. Of

course, as we have said many times, we will not weigh evidence or judge the credibility of witnesses. Such is a matter for the sound discretion of the trial judge. In the instant case, the witness was examined and deemed to be competent by the trial judge. We see no evidence of an abuse of discretion.

Appellants claim the trial court erred in admitting the testimony of a prosecuting witness relating to past sexual conduct after sustaining the State's Motion in Limine under the Rape Shield Statute, Ind. Code § 35–37–4–4. However, appellants totally misconstrue the statute. The testimony of the six-year-old boy to which appellants are objecting was addressed to the depraved sexual conduct of appellants, not to the conduct of a victim entitled to the protection of the Rape Shield Statute. The testimony in the instant case was admissible to show the depraved conduct of appellants. *Montgomery v. State* (1980), 274 Ind. 544, 412 N.E.2d 793.

The trial court is affirmed.

DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

DICKSON, J., concurs in result.