**Darryl JOHNSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 385S104.**

Supreme Court of Indiana.

Jan. 7, 1987.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, Ind., for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, Ind., for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of criminal deviate conduct, a class A felony, I.C. § 35–42–4–2. This was a bench trial. Appellant received a thirty year sentence.

He raises one issue on appeal, namely, whether there was sufficient evidence to support his conviction.

In reviewing sufficiency claims, we do not weigh the evidence nor resolve questions of credibility, but we look to that evidence and the reasonable inferences therefrom which support the verdict. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657. The conviction will be affirmed if from that view point there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Fair v. State* (1969), 252 Ind. 494, 250 N.E.2d 744.

This is the evidence from the record which supports the determination of guilt. On January 15, 1983, the victim, B.J., was baby sitting at the residence of May Boyd in Indianapolis, Indiana. At approximately 12:15 a.m., Michael Moorman came to the residence to see May Boyd. The victim informed Moorman that Boyd was not home. Later, Michael Moorman, Carl Jackson, and Darryl Johnson, the appellant, returned to Boyd's residence, and they gained entry by kicking in the door. Appellant was wearing a ski mask and was armed with a hand gun. Appellant ordered the victim to get down on the floor. Subsequently, Jackson and Moorman searched the premises. They removed from the bedroom a .38 caliber revolver, an undetermined amount of U.S. currency, and a pen/watch combination. As appellant was detaining the victim in the living room, he forcibly had sexual intercourse with her; she was holding a baby during the attack. Subsequently, Moorman and Jackson returned to the living room, and they witnessed appellant push the barrel of his hand gun into the victim's vagina. Appellant admitted this act to a polygraph examiner who had received appellant's admission after he had confronted appellant with several deceptive responses that appellant had given him during the polygraph examination.

Moorman and Jackson testified for the prosecution in fulfillment of the terms of their plea agreements. The polygraph examiner testified pursuant to a stipulation. B.J. testified that she felt a cold object as it was being put in her vagina.

The evidence is clearly sufficient to support this conviction for criminal deviate conduct.

The conviction is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.