David BLUE, Appellant,

v.

STATE of Indiana, Appellee.

No. 784S275.

Supreme Court of Indiana.

March 10, 1987.

Robert Canada, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of murder, I.C. § 35–42–1–1 and a habitual offender determination, I.C. § 35–50–2–8. A jury tried the case. Appellant received a ninety year sentence.

He raises two issues on appeal: (1) whether there was sufficient evidence to support his murder conviction; and (2) whether the trial court improperly imposed the habitual offender enhancement.

I

In reviewing sufficiency claims, we do not weigh the evidence nor resolve questions of credibility, but we look to that evidence and the reasonable inferences therefrom which support the verdict. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Fair v. State* (1969), 252 Ind. 494, 250 N.E.2d 744.

Here is the evidence from the record which supports the determination of guilt. Appellant and Lisa Malone had rented apartment # 3 at 1610 North Delaware Street, Indianapolis, Indiana. On April 17, 1983, the apartment manager discovered the victim's body in this apartment.

On April 12, 1983, appellant and Malone moved in with David Harrison at 237 East 15th Street. Harrison helped them move their personal belongings to his apartment. Appellant and Malone stayed with Harrison for a couple of days. On April 15, 1983, at approximately 3:00 a.m. or 4:00 a.m., appellant and Malone left Harrison's apartment. Appellant was carrying a .22 caliber pistol.

Between 7:00 p.m. on April 14, 1983, and 3:00 a.m. on April 15, 1983, the victim was at work at a White Castle restaurant. Appellant was in the restaurant twice that evening. After 3:00 a.m., appellant talked with the victim inside the restaurant. Shortly thereafter, appellant and the victim went to Juan Patton's house. At 5:00 a.m., appellant and the victim left Patton's house in the victim's automobile. The victim failed to report to work later that day.

On April 17, 1983, the victim's body was found in the apartment on North Delaware Street. The body was found lying face up on the floor in a pool of blood with his pants down on his legs. The autopsy revealed that the cause of death was gunshot wounds to the head. The autopsy further revealed that the victim had been dead for approximately three days and that semen was present in his rectum. At the murder

scene, police discovered appellant's fingerprints on a mirror, on a pack of cigarettes, and on a liquor bottle. The police also discovered .22 caliber bullet fragments. Appellant and the victim had a homosexual relationship.

Appellant and Malone left Indianapolis and travelled to Gary, Indiana. On May 2, 1983, Gary police discovered the victim's automobile.

In March, 1983, appellant had indicated to mutual acquaintances that he planned to hurt the victim because the victim had talked to appellant's parole officer.

This evidence indicates that appellant threatened harm to the victim, that appellant was with the victim shortly before the killing, that appellant was armed with the same caliber weapon as the murder weapon, that appellant was present at the apartment murder scene at least once after he moved out of that apartment, that appellant had a sexual relationship with the victim and that the victim experienced similar sexual contact at or immediately before the time of the killing, and that appellant fled to Gary, Indiana in the victim's car after the killing.

This is sufficient evidence to support his murder conviction.

## II

Appellant argues that the trial court improperly imposed the thirty year habitual offender enhancement as a consecutive thirty year term. We have reviewed the sentencing statement and find that the trial court at first did perceive the additional time as an added consecutive sentence. That mistake was corrected at the end of the statement when the court concluded:

"... so Count I (murder) is enhanced by reason of the Defendant being found to be a Habitual Offender by 30 years, so that makes a total executed sentence of 90 years."

It is sufficiently clear that appellant received a 90 year sentence on Count I for the crime of murder.

The conviction and sentence are affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.