Matthew WYRICK, Appellant,

v.

STATE of Indiana, Appellee.

No. 73S00–8710–CR–967.

Supreme Court of Indiana.

Jan. 24, 1989.

Phillip W. Brown, Brown & Linder, Shelbyville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Count I, Child Molesting, a Class C felony, for which he received a sentence of six (6) years; Count II, Child Molesting, a Class B felony, for which he received a

sentence of eighteen (18) years; Count V, Child Molesting, a Class B felony, for which he received a sentence of twelve (12) years; and Count XIV, Contributing to the Delinquency of a Minor, a Class A misdemeanor, for which he received a sentence of one (1) year, his sentences to run concurrently.

The facts are: Twelve-year-old J.B. testified that in 1985, appellant became his Big Brother through the Shelby County Big Brother's Program. Appellant took J.B. to his home in Norristown, Indiana where he would spend the weekend. After some time, J.B. brought his cousin A.B. with him to appellant's home. Soon thereafter A.B. brought his half brother S.P. and their friend F.R. to appellant's home, where they would all spend the weekend. Together the boys would play sports, shoot appellant's guns, and drink alcohol provided by appellant.

At night, appellant arranged for one boy to sleep with him in his bed while the others slept in the guest bedroom. Appellant requested to the boy with whom he slept that he wear only his underwear. F.R., A.B., and J.B. each testified that when he slept with appellant, appellant placed his hand inside his underwear and fondled his penis. T.D. testified that appellant did the same to him and that appellant asked him for a "blow job," but he refused.

S.P. testified that when he was nine years old and sleeping in appellant's bed, appellant kissed him on the mouth, placed his penis next to S.P.'s penis and inside S.P.'s mouth and anus. S.P. stated that appellant did the same to him when S.P. was taking a bath in appellant's home. At trial, the boys used anatomically-correct dolls to demonstrate how appellant had touched them.

█ Appellant first argues that his motion for judgment on the evidence should have been granted because the State failed to specify the dates on which the offenses against S.P. occurred.

The information alleged that appellant committed child molesting between April and June of 1986. Appellant filed a "Notice of Alibi" in which he asserted that between approximately June 18 to August 24 of 1985 and 1986, he was employed as a camp counselor in New York state. He also requested that the prosecutor file a specific statement establishing the exact date and time of the offenses. The State responded that it did not anticipate presenting any evidence regarding events between June 18 to August 24 of 1985 or 1986.

From the information and the State's response to appellant's notice of alibi, it is apparent that the State alleged the offenses occurred between April 1 and June 19, 1986. Appellant now argues that the State failed to present any evidence showing the offenses occurred between those dates.

On an appeal in which the sufficiency of the evidence is challenged, this Court will not reweigh the evidence nor judge the credibility of. the witnesses. *Collins v. State* (1988), Ind., 521 N.E.2d 682.

At the time of appellant's trial in March of 1987, a psychologist had determined that S.P. was slightly mentally handicapped. S.P. testified that he was ten years old at the time of trial and in the third grade. S.P. also stated that appellant molested him when he was nine years old and in the second grade, close to the end of the school year and a few days before an Easter egg hunt. The prosecutor then asked him if the incident occurred before Christmas in the second grade or before Christmas in the third grade, and S.P. said second grade, but that he was getting a little confused. After a recess, he testified that the incident occurred around Easter during second grade when he was nine years old.

Though S.P.'s testimony became contradictory when he was confused, he unequivocally stated several times that appellant molested him around Easter during second grade. This evidence sufficiently established that the incidents occurred during the time period stated in the information. We find no error. *Edwards v. State* (1986), Ind., 500 N.E.2d 1209.

█ Appellant also argues the trial court erred by admitting into evidence State's

Exhibit 33, a videotaped interview between S.P. and the investigating officer.

Appellant objected to the admission of the videotape on the ground that it was a prior consistent statement which should not be admitted until the witness's testimony has been impeached. Also, he objected because the State had failed to comply with Ind.Code § 35–37–4–6, which states that before a videotape may be admitted into evidence in a child molesting case, the defendant must receive notice of a hearing and his right to be present.

During a hearing away from the jury, the trial court determined that the State had not complied with Ind.Code §§ 35–37–4–6 and 8. However, the court concluded that the tape was admissible under *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, which allows the admission of hearsay evidence as substantive evidence when the declarant is available for cross-examination. *See* Ind.Code § 35–37–4–6(b)(3).

Appellant objected to certain portions of the videotape and such parts were excised from the tape before it was played for the jury. Appellant now argues that it was error to admit prior consistent statements to buttress the testimony of the witness when that witness had not been impeached with evidence of prior inconsistent statements.

Appellant is correct in his assertion that a foundation must first be laid before a witness may be impeached by a prior inconsistent statement. *Carroll v. State* (1975), 263 Ind. 696, 338 N.E.2d 264. However, the State did not offer the videotape as evidence for the purpose of impeachment. The tape was offered as substantive evidence, which was proper under *Patterson* because the declarant was available in court for cross-examination.

We held in *Edwards, supra* that the videotape of a child witness was admissible at the discretion of the trial court due to the tender age and minimal understanding of the witness. Because the answers given by the witness were somewhat confusing and contradictory, her prior statements were admitted to clarify the situation and give the jury the maximum opportunity to discern the total sum of her testimony.

In the taped interview and at trial, S.P. gave some contradictory answers on a few preliminary questions which were extraneous to the charged offenses. When the subject of the questioning turned to the molestation, however, S.P. demonstrated exactly how appellant touched him. We find that the videotape enabled the jury to view his entire testimony as a whole and ascertain its weight and credibility.

■ Also, the videotape was merely cumulative of the testimony given at trial, and cumulative evidence alone does not constitute grounds for reversal. *Watkins v. State* (1984), Ind., 460 N.E.2d 514. We find no abuse of trial court discretion.

■ Appellant argues the trial court erred by allowing four boys to testify that appellant had molested them in the past. Over appellant's objection, each boy testified that when he was sleeping in appellant's bed he awakened to find that appellant had his hand inside the boy's underwear and was fondling his penis. In each instance, the jury was admonished to consider the testimony only for the purpose of determining appellant's character and not to prove that he committed the instant crime.

Appellant correctly points out that evidence which tends to show guilt of unrelated and independent crimes is not admissible as proof of guilt in the case at bar. An exception to the above-stated rule allows the admission of evidence of prior crimes for the purpose of showing a depraved sexual instinct. *Id.*

■ Evidence regarding other similar sex offenses may be admitted to support the credibility of the prosecuting witness. *Miller v. State* (1971), 256 Ind. 296, 268 N.E.2d 299. Appellant argues that the acts described in the boys' testimony were not sufficiently similar to those described by S.P. to allow the admission of their testimony.

In each case, appellant invited the boy to spend the night in his home and asked him to remove his clothes and sleep in his bed.

Each testified that appellant placed his hand on his penis. The fact that appellant molested S.P. in ways additional to that described by the boys does not make the evidence inadmissible. A similar sex offense, not a duplicate performance, is all that is required. *Merry v. State* (1975), 166 Ind.App. 199, 335 N.E.2d 249. We find the offenses were sufficiently similar and the testimony was properly admitted under the depraved sexual instinct exception.

Appellant also argues that the testimony of T.D. should not have been admitted because the incident involving him was too remote in time to the instant case. He asserts that because the incident with T.D. occurred five or six years before trial when appellant was a juvenile, T.D.'s testimony should have been excluded.

T.D. testified that when he spent the night with appellant, he awakened to find appellant's hand inside his underwear, fondling his penis. After T.D. told him to stop, appellant told him he had a brain tumor and requested that he give him a "blow job" before he died, which T.D. refused. The testimony was conflicting as to whether appellant had reached the age of 18 when he molested T.D.

In *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348, this Court determined that, despite the fact that appellant was a juvenile at the time the prior incident occurred several years before trial, testimony of his prior sexual conduct was admissible under the depraved sexual instinct exception. The substantial time which passed between the incident and the testimony goes to the weight of the evidence, but does not render it inadmissible. *Id.* Similarly, we find no abuse of trial court discretion in allowing T.D. to testify.

 Appellant contends his Tendered Instruction Number 14 was improperly refused. The proposed instruction stated that a defendant cannot be proven guilty of the offenses charged by proving that he committed other crimes. It stated the names of the witnesses who would be testifying about other sexual encounters with appellant, and it repeated that they must consider only the offenses charged in the

information. It continued to instruct the jury that they could consider the evidence of other offenses only after they first found beyond a reasonable doubt that appellant had committed the offenses as charged in one or more of the counts on the information.

Appellant argues that without such instruction, the jury was free to use the evidence of uncharged misconduct as proof of the offenses charged and the jury was able to determine that because appellant committed previous misconduct, he must have committed the offenses with which he was charged.

The jury was instructed,

"Evidence of another criminal offenses alleged to have been committed by the defendant, Matthew Wyrick, has been introduced in the trial of this cause. The defendant is not on trial for anything that was done to any witness except S.P. You may consider this evidence for what it is worth, if anything, in identifying the defendant and to show the defendant's character and propensity to commit the offenses charged.

It may be considered by you for no other purpose."

The jury also was admonished according to the above-stated instruction upon the introduction of the evidence. Further, they were instructed that the defendant is presumed innocent until his guilt, if any, is proven beyond a reasonable doubt.

No error occurs in the refusal of a tendered instruction which was repetitive of an instruction actually given. *Criss v. State* (1987), Ind., 512 N.E.2d 858. Because the substance of appellant's tendered instruction was covered sufficiently by the instructions given, we find no error.

The trial court is affirmed.

DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, C.J., and DICKSON, J., concur in result without separate opinion.