Robert Houston KING, Appellant,

v.

STATE of Indiana, Appellee.

No. 12S00–8612–CR–1063.

Supreme Court of Indiana.

Oct. 4, 1990.

Rehearing Denied Nov. 27, 1990.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Following a jury trial, appellant, Robert Houston King, was convicted of child molesting, I.C. 35–42–4–3(a), a Class B felony, and child molesting, I.C. 35–42–4–3(c), a Class C felony. Appellant received sentences of twelve years and six years respectively with the sentences to be served concurrently. Appellant now brings this direct appeal asserting that his convictions must be reversed because there was insufficient evidence that the alleged offenses took place within a period not barred by the statute of limitations. Appellant further maintains that his convictions must be set aside and the charges against him dismissed because the information upon which he was tried was inadequate in content. Appellant also claims that his convictions should be reversed because, by virtue of the trial court's ruling sustaining the State's objection to the admission of evidence concerning the contents of a phone conversation, he was denied due process of law in that his right to present a defense was infringed.

The following facts were adduced at trial. The victim, G.P., is a stepdaughter of appellant. She was born on August 14, 1969, and was approximately one year old when appellant moved into her mother's household. The victim testified that she was nine years old when appellant began making overtures of a sexual nature toward her. She stated that the first incident occurred in 1979 when she was going outside to play with the other children when appellant called her back inside and told her to make his bed. G.P. testified that as she was making the bed, appellant grabbed her around the waist and then moved his hands up to her breasts. The victim said she told him to stop and appellant replied, "Don't worry, I'm not going to hurt you." She stated he then moved his hands toward the lower part of her body, at which time the victim again told appellant to stop. According to the victim, appellant then left the room.

G.P. went on to testify that approximately one week later appellant sent the other children outside and told her to come into the bedroom and make his bed. When she entered the bedroom, she stated that he made her take her clothes off and that she was forced to commit fellatio and he then performed oral sex upon her while he ejaculated. She stated that she was in the bedroom for about one half hour. The victim testified that this continued to occur on an irregular basis, but at least once a month, until she was thirteen and a half years old. According to the victim, appellant told her not to tell her mother or else all the children would be taken away from their mother and she would be placed in jail.

I.

On March 19, 1986, the information charging appellant with two counts of child molesting was filed. Count One alleged that appellant, in the spring of 1981, performed or submitted to deviate sexual conduct with a child under the age of twelve, while appellant was over the age of sixteen years. This is a Class B felony. Count Two alleged that, during the spring of 1983, appellant did perform or submit to deviate sexual conduct with a child over the age of twelve years and under the age of sixteen years while appellant was over the age of sixteen years. This is a Class C felony. The statute of limitations for these offenses is, pursuant to I.C. 35–41–4–2(a)(1), five years.

Appellant contends that there is insufficient evidence to support the jury's conclusion that the State had sustained its burden of proving that these incidents occurred within any period not barred by the statute of limitations. In reviewing this allegation, this Court will not weigh the evidence nor resolve questions of credibility, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558 (citing *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657). The conviction will be affirmed if

from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Fair v. State* (1969), 252 Ind. 494, 250 N.E.2d 744.

Count One alleged that the Class B felony incident occurred in the spring of 1981. The information was filed on March 19, 1986. The victim, in her testimony, provided the jury with a narrative of how the molestation occurred. She recounted how the incidents began in 1979 and continued for four and a half years until she was thirteen and a half years old. Nowhere in the victim's testimony, however, does she seek to establish with any degree of certainty when the 1981 incident occurred. In fact, there is no testimony in the record from any witness seeking to establish that the alleged incident occurred on or after March 19, 1981, which would place the date of the incident within the five-year statute of limitations period. Detective Richard L. Huffer, a Detective Lieutenant with the Frankfort City Police Department, stated that the spring of 1981 date was arrived at after he spoke with the victim and she recalled that the time period in which the incident occurred was the 1980–1981 academic year. In his testimony, Detective Huffer referred to the spring of 1981 date as an approximate date that G.P. felt she could remember the incident occurring. When the two finished their recorded conversation, she stated that she was not very positive about the dates.

The victim's brother, W.P., who is a year older than the victim, testified that G.P. told him that appellant "had been messing with her." He stated that she made this statement eight or nine years ago. W.P. also testified that he remembers G.P. being alone with appellant in appellant's bedroom with the door closed for a half-hour period on one or two occasions. On cross-examination, W.P. stated that he remembered this occurring nine or ten years ago. Thus, W.P.'s testimony is limited to information concerning events that occurred well before March 19, 1981. G.P. also informed her friend Melissa Randle that appellant was molesting her. Melissa testified that G.P. did not say when this molestation oc-

curred, but only that it did happen. This review of the record fails to disclose the presence of evidence from which a reasonable trier of fact could conclude with the required level of certainty that the offense charged in Count One took place within the time period required by the statute of limitations. Appellant's conviction for the Class B felony is therefore reversed.

With respect to the Class C felony in Count Two, however, which charged that the offense occurred in the spring of 1983, there is sufficient evidence from which a reasonable trier of fact could determine that the alleged criminal act took place within the five-year statute of limitations period.

## II.

■ Appellant next contends that the information filed on March 19, 1986, was inadequate in that it failed to state with sufficient specificity the facts and circumstances which constitute the offenses charged and he was thus deprived of the right to a specific charge provided by statute and guaranteed by due process provisions of the federal and state constitutions.

On June 11, 1986, appellant moved to dismiss this information arguing that pursuant to I.C. 35–34–1–4(b) a motion to dismiss may be made or renewed at any time before or during trial if it is upon a ground that is a basis for dismissal as a matter of law other than the specific grounds listed in I.C. 35–34–1–4(a)(1) through (5). The trial court, however, denied appellant's motion, stating that the motion was not timely made. The trial court maintained that appellant's motion to dismiss was made pursuant to I.C. 35–34–1–4(a)(4), failure to state the offense with sufficient certainty, and thus had to be made no later than twenty days prior to the omnibus date. On June 17, appellant filed a Motion to Reconsider Order Denying Defendant's Motion to Dismiss Informations, stating that the trial court had misunderstood appellant's prior motion to dismiss and asserting that the motion was timely made in that it fell within the purview of that part of I.C. 35–34–1–

4(b), which provides that a motion to dismiss based upon a ground specified in subdivision (a)(6), (a)(7), (a)(8), (a)(9), (a)(10), or (a)(11) of this section may be made or renewed at any time before or during trial. On July 8, the trial court denied this motion to reconsider.

The information in the present case was inadequate. It failed to name the victim and it did not provide any of the facts and circumstances describing how the molestation was said to have occurred. I.C. 35–34–1–2 delineates the minimum standards which must be met in Indiana for a pleading to be sufficient, and among the criteria enumerated in it is the requirement that "the nature and elements" of an offense be stated "in plain and concise language." These minimum statutory requirements were not met in this case.

■ The trial court, however, was correct in its ruling that appellant's motion was not timely made. A review of the record reveals that, despite appellant's claim to the contrary, the contents of appellant's motion to dismiss places the motion within the purview of I.C. 35–34–1–4(a)(4), failure to state the offense with sufficient certainty. Thus, appellant's motion to dismiss had to be made no later twenty days prior to the omnibus date. I.C. 35–34–1–4(b). Appellant did not meet this deadline, as his motion to dismiss came well after the omnibus date. Therefore, it was within the trial court's prerogative to summarily deny appellant's motion to dismiss.

Further, by the time appellant filed his motion to dismiss, he was fully apprised of the facts and circumstances surrounding the case against him. Through the reciprocal discovery process, appellant was able to wrest from the prosecution the specifics surrounding his case and was therefore able to adequately prepare his defense. Shortly after his arrest, appellant was informed that G.P. was the victim. Appellant also was given a copy of the victim's statement, which provided him with the details of her allegations. In addition, while the dates in the information alleging when the criminal conduct occurred certainly lacked specificity, this Court has been lenient with respect to how exact the information must be in alleging when incidents of child molesting occurred. In *Wyrick v. State* (1989), Ind., 533 N.E.2d 118, the information charging the defendant with two counts of child molesting alleged that the incidents of molestation occurred between April and June of 1986. This Court upheld the defendant's convictions for child molesting finding the information to be adequate. In this case, Count Two of the information, charging the Class C felony, stated that the child molesting occurred in the spring of 1983. Such a designation is sufficiently particular. Thus, given the particular manner in which this case progressed after being filed, the trial court ruling on appellant's motion to dismiss cannot be deemed error on appeal, despite the facial inadequacy of the information.

### III.

■ Appellant also contends that his due process rights were infringed when the trial court sustained the prosecution's hearsay objection to the testimony of Lisa Alexander. The trial court's ruling, appellant maintains, denied him of his right to present a defense. Lisa Alexander, formerly a receptionist for the law firm that represented appellant at trial, was prepared to testify that on March 28, 1986, she received a phone call from someone purporting to be the victim. According to Alexander, the caller stated that she had lied and that the information was false. Alexander testified that at the time she received this phone call, she was not acquainted with G.P. and that she had no idea who the caller was beyond the fact that she identified herself as G.P. The State objected to the admission of this testimony, arguing that it was hearsay, and the trial court sustained the objection. The trial court was correct in refusing to admit Alexander's testimony with respect to the content of the phone conversation.

This Court has long required that a caller's identity be established as a foundation for the admission of the content of the telephone call. The identity of the caller need not be proved beyond a reasonable

doubt; identity of the declarant may be established by circumstantial evidence; and conflicts in the proof of the identity go to the weight of the evidence and not admissibility. *Ashley v. State* (1986), Ind., 493 N.E.2d 768; *Reed v. State* (1986), Ind., 491 N.E.2d 182. McCormick on Evidence states:

> [If] a witness has received ... a telephone call out of the blue from one who identified himself as "X", this is not sufficient authentication of the call as in fact coming from X. The requisite additional proof may take the form of testimony by the witness that he is familiar with X's voice and that the caller was X. Or authentication may be accomplished by circumstantial evidence pointing to X's identity as the caller, such as if the communication received reveals that the speaker had knowledge of facts that only X would know.

McCormick On Evidence, § 226 at 697 (3d ed.1984).

In this case, however, appellant offered no authenticating evidence in addition to Alexander's statement that the caller identified herself as the victim. Alexander acknowledged that at the time she received this phone call she did not know G.P.'s voice. Appellant did not seek to establish that subsequent to the phone conversation Alexander became familiar with the sound of the victim's voice. Further, appellant did not attempt to show that the contents of the phone conversation contained any unique facts. Absent any additional evidence of authentication, the trial court was correct in refusing to allow Alexander to testify as to the content of the phone conversation as she was not competent to do so.

■ At trial, the State objected to the admission of Alexander's testimony with respect to the phone call on grounds that it was hearsay. Hearsay is an out-of-court statement offered to prove the truth of the facts asserted therein and thus rests on the credibility of a declarant who is not in court and is unavailable for cross-examination. *Hughes v. State* (1989), Ind., 546 N.E.2d 1203. If challenged evidence is hearsay

and does not fall within one of the exceptions to the rule, then it is inadmissible. *Indianapolis Newspapers, Inc. v. Fields* (1970), 254 Ind. 219, 259 N.E.2d 651 (2–2 decision; DeBruler, J.).

The testimony in question does constitute hearsay. It is an extra-judicial statement which was offered to prove the truth of the facts asserted therein, and appellant has failed to establish that the declarant is in court and available for cross-examination. Appellant maintains that the proferred testimony was not hearsay because G.P. was in court and available to testify. *Thurston v. State* (1985), Ind., 472 N.E.2d 198. Appellant, however, has not made a sufficient showing that the victim was the person with whom Alexander spoke. Thus, this confrontation component is frustrated and the State's objection to the evidence of the phone conversation was properly sustained. Nonetheless, the more basic defect in this proposed testimony is the lack of sufficient authentification. An authentication inquiry is a precursor to any hearsay analysis. This does not constitute grounds for reversal, however, as it has been held that, where evidence is excluded by the trial court, the ruling will stand on appeal if sustainable on any valid theory, whether advanced at the time of the ruling or not. *Eckman v. Funderburg* (1915), 183 Ind. 208, 108 N.E. 577.

■ Appellant further asserts that he was denied due process of law in that this evidentiary ruling prevented him from adequately presenting his defense. While it is true that few rights are more fundamental than that of an accused to present witnesses in his own defense, the U.S. Supreme Court has stated:

> In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.

*Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 313 (1973). Appellant's right to due process of law was not violated by the trial court's refusal to admit Alexander's testi-

mony as to the content of the phone call. The trial court cannot be said to have infringed upon appellant's right to present a defense when it required him to comply with the rules of evidence.

Appellant's conviction and corresponding twelve-year sentence under Count One, child molesting, I.C. 35–42–4–3(a), a Class B felony, is reversed due to insufficient evidence that the alleged criminal conduct took place within a time period not barred by the statute of limitations. Appellant's conviction and six-year sentence under Count Two for child molesting, I.C. 35–42–4–3(c), a Class C felony, however, is affirmed.

SHEPARD, C.J., concurs.

GIVAN, J. dissents with separate opinion in which PIVARNIK, J., concurs.

DICKSON, J., concurs in result.

GIVAN, Justice, dissenting.

I respectfully dissent. The evidence shows that the Class B felony was committed before the victim was twelve years of age.

The majority claims the evidence is insufficient to support the verdict as to Count I in that there was insufficient evidence to establish that the crime was committed within a period not barred by the statute of limitations, which for the crime charged in this case is five years. Ind.Code § 35–41–4–2. The victim was born on August 14, 1969; thus she was eleven years old in the spring of 1981.

The information charging that she had been molested when she was under twelve alleges that the molestation took place in the spring of 1981 and consisted of several incidents during that period. The information was filed on March 19, 1986. We should take judicial notice that spring began on March 20 in 1981. There is ample evidence in this case from which the jury could determine that the molestations of the victim when she was under twelve years of age occurred within the five-year statute of limitations applicable to the information which had been filed on March 19, 1986.

To join the majority, one must assume appellant suspended his molestation of the victim from early March of 1981 until after August 14, 1981. Such an assumption is totally unrealistic in view of the testimony of the victim who stated the appellant molested her at least once a month from 1979 until she was thirteen and a half years old which would have been early in 1982.

I would affirm the trial court.

PIVARNIK, J., concurs.