## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 22 2017, 6:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David L. Joley
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Asia Marshall,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 22, 2017<br><br>Court of Appeals Case No.<br>02A03-1607-CR-1700<br><br>Appeal from the Allen Superior Court<br><br>The Honorable John Surbeck, Judge<br><br>The Honorable David Zent, Magistrate<br><br>Trial Court Cause No.<br>02D06-1501-CM-132 |

**Robb, Judge.**

# Case Summary and Issues

Following a jury trial, Asia Marshall was convicted of domestic battery, a Class A misdemeanor, and disorderly conduct by fighting or tumultuous conduct, a Class B misdemeanor. Marshall appeals her convictions, raising two issues for our review: 1) whether the State presented sufficient evidence to support her conviction of domestic battery, and 2) whether her two convictions constitute double jeopardy. Concluding sufficient evidence supports Marshall's conviction of domestic battery but the disorderly conduct conviction must be vacated due to a double jeopardy violation, we affirm in part and reverse and remand in part.

# Facts and Procedural History

On December 9, 2014, Marshall and her live-in boyfriend of several years, Antonio Chacon, had an argument at their home that resulted in Chacon calling 911. Chacon reported to the 911 operator that Marshall hit him in the face with a remote control and his face was cut and bleeding. Two Fort Wayne police officers responded to the home within approximately ten minutes of the 911 call and encountered Chacon, who was bleeding from a cut above his right eye and announced he wanted Marshall to be arrested. Officer Robert Abels spoke with Chacon, who related that he and Marshall had been arguing and she "stabbed him in one of his eyes with the remote control[.]" Transcript, Volume I at 77. Officer Abels also spoke with Marshall, who admitted she threw a remote at Chacon, but said Chacon's eye was injured when he fell down the

stairs.  When the officers placed Marshall under arrest, however, Chacon objected and indicated he did not want her to be arrested and did not wish to cooperate further.

[3]  The State charged Marshall with domestic battery, a Class A misdemeanor, and disorderly conduct, a Class B misdemeanor.[1]  At Marshall's jury trial, the State called Chacon as a witness and played the audio of the 911 call for the jury without objection from Marshall.  Chacon acknowledged it was his voice on the tape, but testified, "I don't remember a lot that happened" on December 9, 2014.  Tr., Vol. I at 62.  "It's vague.  Very vague.  I remember just trying to just sleep off my hangover, and you know, [Marshall] was trying to kick me out, and next thing I know I'm trying to get out [of] the bed.  I fall and I wake up and I'm bleeding everywhere."  *Id.* at 64.  He explained telling 911 that Marshall hit him with a remote by stating, "when I hit my head, I thought maybe she had did [sic] it but I hit my head on the ground."  *Id.* at 68.  On cross-examination by Marshall's counsel, Chacon categorically stated that Marshall did not touch him the morning of December 9, 2014.  The two officers testified without objection Chacon told them at the scene Marshall threw a remote at him causing his injuries.

---

[1] The State originally filed the disorderly conduct charge pursuant to Indiana Code section 35-45-1-3(a)(2) for making unreasonable noise after being asked to stop.  The charge was later amended to disorderly conduct pursuant to Indiana Code section 35-45-1-3(a)(1) for engaging in fighting or tumultuous conduct.

[4] The jury found Marshall guilty as charged and the trial court entered judgment of conviction on both counts and sentenced her to 365 days with 335 days suspended for the domestic battery conviction to be served concurrently with 180 days with 150 days suspended for the disorderly conduct conviction. Marshall now appeals her convictions.

# Discussion and Decision

## I. Domestic Battery

[5] Marshall claims the evidence is insufficient to support her conviction for domestic battery. Our standard of reviewing a sufficiency of the evidence claim is well-settled:

> First, we neither reweigh the evidence nor judge the credibility of witnesses. Second, we consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. . . . [W]e consider conflicting evidence most favorably to the [verdict].

*Willis v. State*, 27 N.E.3d 1065, 1066-67 (Ind. 2015) (citations and quotations omitted).

[6] Domestic battery as a Class A misdemeanor is defined by statute as knowingly or intentionally touching a person who is or was living as if a spouse in a rude, insolent, or angry manner that results in bodily injury. Ind. Code § 35-42-2-

1.3(a) (2014). Marshall's specific challenge to the sufficiency of the evidence is that the State produced only impeachment and circumstantial evidence of such a crime and not substantial direct evidence of probative value.

[7] Although Marshall frames her issue in terms of a challenge to the sufficiency of the evidence, it appears she may actually be challenging the admission of evidence. We review the admission of evidence for an abuse of discretion. *King v. State*, 61 N.E.3d 1275, 1282 (Ind. Ct. App. 2016), *trans. denied*. However, Marshall did not object to the admission of any of the State's evidence at trial. A failure to make a contemporaneous objection at trial will foreclose the raising of such error on appeal unless fundamental error occurred. *Stephenson v. State*, 29 N.E.3d 111, 118 (Ind. 2015). Marshall makes no claim of fundamental error. We also note, however, that even if an objection had been made, there was no error in the admission of the officers' testimony or of the 911 call.

[8] The officers' testimony about Chacon's statements when they arrived at the residence was admissible as an excited utterance under Indiana Rule of Evidence 803(2). To qualify as an excited utterance, a statement must have been made after a startling event has occurred, while under the stress or excitement caused by the event, and it must relate to the event. *Young v. State*, 980 N.E.2d 412, 421 (Ind. Ct. App. 2012). Within ten minutes of making a phone call to 911, Chacon, bleeding from a cut above his eye, stepped outside his residence and immediately told the responding officers he wanted Marshall arrested because she had caused his injury by throwing a remote control at him.

There was no error in the admission of this evidence. *See Fowler v. State*, 829 N.E.2d 459, 463-64 (Ind. 2005) (officer's account of alleged victim's statements to him when he responded to a call was properly admitted as an excited utterance after victim took the stand and refused to answer questions by either the State or defense), *cert. denied*, 547 U.S. 1193 (2006);[2] *see also Gordon v. State*, 743 N.E.2d 376, 379 (Ind. Ct. App. 2001) (affirming defendant's battery conviction, even though victim did not testify, because responding officer did testify to his interaction with the victim: "Crimes that may be characterized as domestic violence offenses sometimes lend themselves to complaining witnesses recanting [or] failing to appear . . . . Indiana Evidence Rule 803(2) is the vehicle by which competent, admissible evidence comes to our trial courts in many of these situations.").

[9]     As for the 911 call, a recording is not admissible unless the voices contained thereon are identified. *Johnson v. State*, 699 N.E.2d 746, 749 (Ind. Ct. App. 1998). A caller's identity must be established as a foundation for the admission of the content of a telephone call. *King v. State*, 560 N.E.2d 491, 494 (Ind. 1990). The identity of the caller need not be proved beyond a reasonable doubt; identity may be established by circumstantial evidence, and any conflicts in the

___

[2] Further, Chacon testified as a witness and was available for cross-examination, so there is no Confrontation Clause issue with using the officers' testimony reporting his statements. *See Fowler*, 829 N.E.2d at 464 (noting an excited utterance is not necessarily immune from attack under the Confrontation Clause, but also noting that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.") (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n .9 (2004)).

proof of identity go to the weight of the evidence and not the admissibility. *Id.* at 494-95. Here, the Fort Wayne/Allen County Communication Records Division certified the recording of the 911 call was a true and complete reproduction of the original recording. *See* State's Exhibit 4. Although Chacon said he could only "vaguely" remember the phone call with 911, he affirmed it was his voice on the recording. Tr., Vol. I at 66. The veracity of the recording and the caller's identity were therefore confirmed, and there was no error in playing the audio of the call for the jury.

[10] With regard to the sufficiency of this evidence to prove Marshall committed domestic battery, Marshall does not challenge the element that she and Chacon were living as if spouses at the time of the incident. With respect to the remaining elements, the jury heard Chacon report to a 911 operator that he had been hit in the face with a remote and was bleeding, and it heard the responding officers testify they observed a fresh injury to Chacon's face upon their arrival and that he told them Marshall had caused the injury. Although Chacon testified differently at trial, his credibility on the stand was a matter for the jury to assess, as was determining whether the evidence presented by the State in this particular case sufficiently proved the elements of the offense. *See Willis*, 27 N.E.3d at 1066-67. Considering only the evidence most favorable to the verdict, we conclude there was substantial evidence of probative value supporting the jury's determination that Marshall was guilty beyond a reasonable doubt of domestic battery. *See Gordon*, 743 N.E.2d at 379 (arresting officer's testimony that victim, who was visibly shaking and had redness around

her neck, told him defendant had struck her in the face and chest with his fists and that defendant himself acknowledged that victim bruises easily was "more than sufficient" evidence to sustain conviction for battery).

## II.  Double Jeopardy

[11]  Marshall also claims her convictions and sentences for both domestic battery and disorderly conduct by fighting constitute double jeopardy.  The State agrees the two convictions cannot stand.  On review, we also agree, as the evidence supporting both convictions is that Marshall threw a remote at Chacon,[3] and therefore, that fact was necessarily used by the jury as the basis for both convictions.  *See Richardson v.  State*, 717 N.E.2d 32, 53 (Ind. 1999) (explaining that under the actual evidence test of the Indiana double jeopardy analysis, "the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts").  When we find two convictions contravene double jeopardy principles, we may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation.  *Id.* at 54.  That is not possible in this case because neither crime exists in a less serious form.  Therefore, Marshall's disorderly conduct conviction must be vacated.

---

[3] As noted above, Marshall's Class A misdemeanor domestic battery conviction required proof that she touched Chacon in a rude, insolent or angry manner.  Ind. Code § 35-42-2-1.3(a)(2).  The Class B disorderly conduct conviction required proof she engaged in fighting.  Ind. Code § 35-45-1-3(a)(1).

# Conclusion

[12]   The State presented sufficient evidence to support Marshall's conviction of domestic battery.  However, her convictions of both domestic battery and disorderly conduct violate the Double Jeopardy Clause of the Indiana Constitution.  We therefore affirm Marshall's conviction of domestic battery and remand to the trial court to vacate the conviction and sentence for disorderly conduct.

[13]   Affirmed in part, reversed and remanded in part.

Kirsch, J., and Barnes, J., concur.